Plaintiff-appellant Tina Marie Gerencser (hereinafter "wife") appeals the July 30, 1998 Judgment Entry/Decree of Divorce/Shared Parenting Decree entered by the Fairfield County Court of Common Pleas, Domestic Relations Division, relative to the trial court's determination of the issues of spousal support and child support as well as the court's characterization and division of assets and debts, and the award of attorney fees. Defendant-appellee is Joseph Gerencser, Jr. (hereinafter "husband").
 STATEMENT OF THE FACTS AND CASE
Husband and wife were married on April 12, 1985, in Copenhagen, Denmark. Three children were born as issue of the marriage: Aaron J. Gerencser (DOB 1/28/86), Karsten J. Gerencser (DOB 1/6/88), and Connor R. Gerencser (DOB 9/16/89).
In 1981, husband graduated from the United States Military Academy at Westpoint. At the time of the marriage, husband was a captain in the United States Army, stationed in Denmark. As of the date of the marriage, wife had earned a high school diploma and had completed approximately one year of college. She worked as a clerk in a sporting goods store until she became pregnant with the parties' first child.
Husband was reassigned to Fort Sill, Oklahoma and the parties relocated to the United States. Upon completion of his obligatory service in the United States Army, husband was honorably discharged in 1986. After his discharge, husband accepted a position with Valley Lab, Inc. as a sales representative. The family moved to Carroll Stream, Illinois, a suburb of Chicago. Between 1986 and 1993, wife worked a variety of jobs, including cleaning houses, and fitting and selling eye glasses at Pearle Vision Center.
In 1994, husband accepted a position with Karl-Storz Endoscopy, Inc. of Culver City, California, as a representative for the Northwest, Central, and Southeast regions of Ohio. The parties and their children moved to Pickerington, Ohio. For a short time, wife worked at the Pickerington, Ohio YMCA. In 1995, wife enrolled in college on a full-time basis. In December, 1997, wife graduated magna cum laude from Capital University with a Bachelor's Degree in elementary education. She became certified to teach in January, 1998.
In December, 1996, wife filed a complaint for divorce in the Franklin County Court of Common Pleas, Division of Domestic Relations. Upon husband's motion for a change of venue, the matter was transferred to the Fairfield County Court of Common Pleas, Domestic Relations Division. Husband also filed a complaint for divorce in the Fairfield County domestic relations court. The trial court consolidated the two cases. Husband's complaint was deemed an answer and counterclaim to wife's complaint.
Via Judgment Entry dated March 10, 1997, the trial court granted husband exclusive occupancy of the parties' marital home. The trial court ruled the children would remain in the home and designated husband as the residential parent for school purposes. Additionally, the trial court ordered the parties to have equal shared parenting.
On April 20, 1998, the parties entered into a shared parenting agreement which addressed all matters affecting the allocation of parental rights and responsibilities except for the issue of child support. The matter proceeded to trial on April 22 and 23, 1998. At trial, the parties stipulated they were incompatible. The issues before the trial court were spousal support, child support, debt allocation, property division, and attorney fees. On May 8, 1998, both husband and wife filed proposed findings of fact and conclusions of law. On June 23, 1998, the trial court issued its Findings of Fact and Conclusions of Law. On July 30, 1998, the trial court issued its Judgment Entry/Decree of Divorce/Shared Parenting Decree.
The trial court ordered husband to pay wife $1,142.40/month plus processing charges as and for child support. The trial court also ordered husband to pay wife spousal support in the amount of $2,000/month for the eight remaining months of 1998, and $1,000/month for a period of twenty-four months commencing January 1, 1999. The court's distribution of marital property resulted in each party's receiving approximately $65,000 in marital property. The trial court determined wife's trust fund to be non-marital property and allocated the same to her. In addition, the trial court determined the Bank One savings account in the amount of $17,000, and the Vanguard Windsor Fund in the amount of $18,000, to be husband's separate property and allocated the same to him. The trial court further awarded wife $1,750 in attorney fees.
It is from the Judgment Entry/Decree of Divorce/Shared Parenting Decree wife appeals, raising the following assignments of error:
 I. THE TRIAL COURT COMMITTED ERROR PREJUDICIAL TO APPELLANT AND ABUSED ITS DISCRETION IN DETERMINING THE AMOUNT OF DURATION OF APPELLEE'S SPOUSAL SUPPORT OBLIGATION.
 II. THE COURT ERRED IN A MANNER PREJUDICIAL TO THE APPELLANT BY ITS DETERMINATION OF THE EARNING ABILITIES OF BOTH PARTIES FOR THE PURPOSES OF CHILD SUPPORT, AS SAID DETERMINATION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 III. THE COURT ERRED TO THE PREJUDICE OF THE APPELLANT IN ITS CHARACTERIZATION AND DIVISION OF ASSETS AND LIABILITIES, BOTH SEPARATE AND MARITAL, AS SAID DETERMINATIONS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND AN ABUSE OF DISCRETION.
 IV. THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED ERROR PREJUDICIAL TO THE APPELLANT BY ADOPTING FINDINGS OF FACT AND CONCLUSIONS OF LAW WHICH ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 V. THE COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY ABUSING ITS DISCRETION AND ONLY AWARDING $1,750 IN ATTORNEY FEES AT THE TIME OF THE TRIAL.
Any other facts relevant to our discussion of the assignments of error shall be contained therein.
 I
In her first assignment of error, wife contends the trial court erred and abused its discretion in determining the amount and duration of husband's spousal support obligation. Wife sets forth two bases upon which she predicates her argument. First, wife maintains the trial court failed to take into consideration all of the factors set forth in R.C. 3105.18. Next, wife asserts the trial court improperly computed the relative earning abilities of the parties. We shall address each in turn.
Pursuant to R.C. 3105.18(C)(1), a trial court is to consider certain factors in making a determination of spousal support:
 (C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
 (a) The income of the parties, from all sources * * *;
(b) The relative earning abilities of the parties;
 (c) The ages and the physical, mental, and emotional conditions of the parties;
(d) The retirement benefits of the parties;
(e) The duration of the marriage;
 (f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 (g) The standard of living of the parties established during the marriage;
 (h) The relative extent of education of the parties;
 (i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 (j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 (k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 (l) The tax consequences, for each party, of an award of spousal support;
 (m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 (n) Any other factor that the court expressly finds to be relevant and equitable.
In Kaechele v. Kaechele (1988), 35 Ohio St.3d 93, the Ohio Supreme Court held:
 * * * in making a sustenance alimony determination, the court must consider all the factors listed in R.C. 3105.18(B) and not base its determination upon any one of those factors taken in isolation.
 Id. at 96 (Emphasis added).
Wife asserts the trial court did not consider four of the fourteen factors set forth in R.C. 3105.18(C). Wife explains the trial court made no reference to or ignored factor (g), the standard of living of the parties established during the marriage; factor (j), the contribution of each party to the education, training or earning ability of the other party; factor (l), the tax consequences, for each party, of an award of spousal support; and factor (m), the lost income capacity of either party that resulted from that party's marital responsibilities. Wife concludes the trial court's "use of the 'magic language' that it considered all the factors of R.C.3105.18 in rendering its decision does not serve to rescue this otherwise flawed review." Appellant's Brief at 4. In support of this conclusion, wife relies upon Kaechele, supra, andStafinsky v. Stafinsky (1996), 116 Ohio App.3d 781, 784:
 [I]n making an award of [spousal support], the trial court must indicate the basis for its award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable and in accordance with the law.
 Kaechele, supra, at par. 2 of syllabus; See also, Stafinsky, supra, at 784, citing Kaechele, supra.
In the instant action, the trial court made the following finding:
 Taking into consideration all of the factors set forth in Revised Code Section 3105.18 and the factors above, the court makes the following findings regarding spousal support. The current temporary spousal support in the amount of $2,000 per month shall continue for the months of May, June, July, August, September, October, November and December of 1998. * * * From January 1, 1999 and for a period of twenty-four (24) months thereafter, the defendant shall pay to plaintiff spousal support in the amount of $1,000 per month * * *
 Thereafter, defendant's obligation to pay spousal support shall terminate.
 June 23, 1998 Findings of Fact and Conclusions of Law.
Upon our review of the June 23, 1998 Findings of Fact and Conclusions of Law, we find the trial court enumerated many of the factors set forth in R.C. 3105.18(C)(1). For example, the trial court addressed the income and the relative earning abilities of the parties; the retirement benefits of the parties; the relative extent of the education of the parties; and the relative assets and liabilities of the parties. Although the trial court does not specifically discuss each factor, the holding in Kaechele, supra, only requires a trial court to consider the factors listed in R.C. 3105.18(C). We cannot conclude the trial court did not consider all of the factors because it only discusses some of the factors. We find the Findings of Fact and Conclusions of Law sufficiently set forth the basis for the trial court's spousal support award, enabling this Court to review whether the reward is fair, equitable, and in accordance with law.
Under this assignment of error, wife also claims the trial court's determination of spousal support was erroneous because the court improperly computed the relative earning abilities of the parties. In essence, wife raises a manifest weight of the evidence claim.
We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v.Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279.
First, wife takes issue with the trial court's reducing husband's gross income by his unreimbursed business expenses, which she maintains are highly inflated.
During the four years prior to the divorce, husband worked as a commissioned sales representative for Karl-Storz Endoscopy, Inc. His income was as follows:
1997 — $138,444
1996 — $117,444
1995 — $105,158
1994 — $98,740
The trial court used these figures for income averaging purposes. The trial court then found husband had a significant amount of unreimbursed business expenses during those four years and deducted the average of the expenses from the average of husband's income in its consideration of child support and spousal support. Husband's unreimbursed business expenses were as follows:
1997 — $16,000 (estimated)
1996 — $16,828
1995 — $18,700
1994 — $19,086
Wife attacks the trial court's use of $16,000 as husband's 1997 unreimbursed business expenses as greatly inflated. In support, wife refers to husband's February, 1998 deposition testimony in which husband stated his average unreimbursed work related expenses for 1997, were $577/month. At trial, husband explained he gave the $577/month figure based upon a document containing incorrect information. At the time of trial, husband had held the same job with the same responsibilities for the four years prior to trial, and his business expenses had not varied greatly between 1994, and 1996. Given husband's unreimbursed business expenses for the years 1994, through 1996, and husband's explanation of the discrepancy between his deposition testimony and trial testimony, we find the trial court's use of a figure of $16,000/year is not against the manifest weight of the evidence.
Next, wife claims the trial court erred in computing her relative earning ability to be $26,000/year because said figure has no basis in fact.
At the time of trial, wife had a Bachelor's Degree and was certified to teach in the State of Ohio. Wife testified she was actively seeking a teaching position and the salaries for the positions she was interested in ranged from $19,000/year for private schools to $29,000/year in the Columbus City School system. If she did not secure a full-time teaching position, wife intended to work as a substitute teacher on a daily basis, for which she would be paid at a rate of $60/day. Wife noted her preference to work in the Pickerington School District, which paid a starting salary of $26,000/year.
Given the range of salaries from $19,000/year to $29,000/year, we find the trial court's determination wife's earning ability is $26,000/year is supported by some competent, credible evidence.
Based upon the foregoing reasons and upon our review of the entire record in this matter, we find the trial court did not abuse its discretion with regard to the amount and duration of the spousal support award.
Wife's first assignment of error is overruled.
 II
In her second assignment of error, wife maintains the trial court erred in its determination of the earning abilities of the parties for purposes of child support.
For the same reasons we overruled wife's arguments regarding the trial court's computation of the relative earning abilities of the parties in Assignment of Error I, we overrule wife's argument with regard to child support.
Wife second assignment of error is overruled.
 III
In her third assignment of error, wife asserts the trial court erred in its characterization and division of the parties' assets and liabilities. Wife submits because the court's determinations were against the manifest weight of evidence, the trial court abused its discretion in making the divisions.
This assignment of error is composed of five distinct assertions: 1) the trial court erred in characterizing $18,000 of the Vanguard IRA as husband's separate property; 2) the trial court erred in determining the Bank One account of $17,000 to be husband's separate property; 3) the trial court erred in determining the last $7,000 of wife's school loans to be her separate liability; 4) the trial court erred in finding the $9,500 wife borrowed from her mother over the pendency of the case to be her separate obligation; and 5) the trial court abused its discretion in valuing the CGM Mutual Fund and Vanguard Group Fund as of the date of trial and in neglecting to include the Bank One Savings Account No. 3665825 as marital property. We shall address each of these arguments in turn.
With regard to the Vanguard IRA, wife asserts the trial court's finding $18,000 of the $31,771 in the account was husband's separate pre-marital property is not supported by the evidence. Wife explains husband did not meet his burden of proof because he did not have any documentary evidence to demonstrate any portion of the fund was his separate property. In support of her position, wife cites Peck v. Peck (1994),96 Ohio App.3d 731, in which the Butler County Court of Appeals stated:
 [T]raceability has become the focus when determining whether separate property has lost its separate character after being commingled with marital property. * * * The party seeking to have a particular asset classified as separate property has the burden of proof, by a preponderance of the evidence, to trace the asset to separate property. (Citations omitted).
 In the present case, appellant presented no documentation or other evidence to the trial court to sufficiently trace his allegedly separate property. Although appellee conceded that the marital residence was purchased with funds appellant received from the sale of real property he owned prior to the marriage, she could not recall the amount of these funds, and she presented no specific evidence tracing the financial history of the asset.
 Id. at 734.
At trial, husband testified he opened the Vanguard IRA account prior to his marriage. In 1981, 1982, 1983, and 1984, husband contributed the maximum amount permitted by law into the account. Upon husband's request, the trial court took judicial notice of Section 408 of the Internal Revenue Code in effect between 1981, and 1985. Pursuant to the Internal Revenue Code, the trial court concluded the maximum contributions husband could have made to the account were $1500 in 1981, and $2,000/year in 1982, 1983, and 1984, for a total of $7500. Husband testified he believed 10% per annum represented a fair interest rate based upon the information contained in his annual financial statements from Vanguard.
Notwithstanding husband's failure to provide documentary evidence as to the premarital portion of the Vanguard IRA, we find husband's testimony and reference to the annual statements to be some evidence upon which the trial court could base its conclusion. We find the trial court did not abuse its discretion in finding $18,000 of the Vanguard IRA to be husband's separate property. Wife's assignment of error is overruled as to this portion.
The second component of wife's third assignment of error challenges the weight of the evidence relative to the trial court's finding the $17,000 in Bank One Account No. 4454843 to be husband's separate property. The standard of review when addressing a manifest weight of the evidence claim is set forth, supra.
At trial, husband testified his mother gifted $10,000 to him at the end of 1996, and an additional $10,000 at the end of 1997, and he deposited those monies into Account No. 4454843 at Bank One. The trial court, as the trier of fact, was in the best position to assess the credibility of husband. We find husband's testimony, if believed by the trial court, was sufficient evidence from which the trial court could find the $17,000 in Bank One Account No. 445843 to be husband's separate property. Wife's assignment of error is overruled as to this component.
The third and fourth portions of this assignment of error assert error in the trial court's determining $7,000 of wife's school loans and $9500 wife borrowed from her mother to be her separate liability.
The record reveals wife incurred both debts during the pendency of the divorce proceedings and after the parties' separation. Also during the pendency of the matter, wife received $2,000/month in temporary spousal support from husband. From July 1, 1997, through the date of trial, the entire responsibility for the support of the parties' three minor children rested on husband. The trial court issued temporary orders on March 31, 1997, requiring husband to pay wife's monthly car payments, all of the marital debts, and all of the expenses related to the marital residence.
Because wife incurred the debt after the commencement of the proceedings and after the couple's separation, we find the trial court's determination $7,000 in student loan debt and the $9,500 loan from her mother is wife's separate obligation is supported by some competent, credible evidence. Given husband's financial responsibilities during the pendency of the case, we further find the trial court did not abuse its discretion in obligating wife to be responsible for these debts. Wife's third assignment of error is overruled as to this issue.
The final component of this assignment of error alleges the trial court erred and abused its discretion in valuing the CGM Mutual Fund and the Vanguard Group Fund (Non-IRA) as of the date of trial and in neglecting to include the Bank One Account No. 3665825 as marital property.
At the initiation of the proceedings, the trial court issued financial restraining orders. In January, 1997, husband filed his initial financial affidavit stating the CGM Mutual Fund had an account balance of $10,763.27, and the Vanguard Group Fund (Non-IRA) had an account balance of $4,378.76. At trial, husband offered Defendant's Exhibit "I", which indicated, as of April, 1998, the account balance of the CGM Mutual Fund was $4,662.83, and the account balance of Vanguard Group Fund was $119.12. Husband testified he paid wife $3500 pursuant to the court's December 9, 1997 Order out of the CGM Mutual Fund or Vanguard Group Fund. The December 9, 1997 Order specifically ordered husband to pay wife $3500 from his income.
In its Findings of Fact and Conclusions of Law, the trial court did not make any findings in regard to the depleted balances. The record reveals, and husband implicitly admitted, he violated the trial court's financial restraining orders. The violation resulted in a depletion of marital assets. Because husband violated the trial court's order, we find the trial court erred in valuing the CGM Mutual Fund and Vanguard Group Fund as of the date of trial. Wife's third assignment of error is sustained as to this issue only.
For the reasons we overruled the portion of this assignment of error as it relates to the Bank One Account No. 4454843, we overrule wife's arguments relative to the Bank One Account No. 3665825.
 IV
In her fourth assignment of error, wife asserts the trial court abused its discretion in adopting findings of fact and conclusions of law which are against the manifest weight of the evidence.
Upon review of the entire record in this matter, we find the trial court's findings of fact are not against the manifest weight of the evidence and the trial court did not abuse its discretion in reaching its conclusions of law.
Wife's fourth assignment of error is overruled.
 V
In her final assignment of error, wife submits the trial court abused its discretion in awarding her only $1750 in attorney fees at the time of trial.
A trial court's determination to grant or deny a request for attorney fees will not be disturbed absent an abuse of discretion. Motorist Mut. Ins. Co. v. Brandonburg (1995),72 Ohio St.3d 157.
Throughout the course of the proceedings, husband paid wife $2,000/month as temporary spousal support. In addition, in its December 9, 1997 Judgment Entry, the trial court ordered husband to pay $3500 to wife for her expenses. In light of these payments, we find the trial court did not abuse its discretion in awarding wife only an additional $1750 for her attorney fees.
Wife's fifth assignment of error is overruled
The Judgment Entry/Decree of Divorce/Shared Parenting Decree is affirmed in part and reversed in part. The matter is remanded to the trial court for revaluation and division of the CMG Mutual Fund and the Vanguard Group Fund.
By: Hoffman, J. and Gwin, P.J. concur.
Edwards, J. concurs separately in part/dissents in part.
--------------------
--------------------
 -------------------- JUDGES