OPINION
This is an accelerated calendar appeal submitted to the court on the briefs of the parties. Appellant, William E. Call, appeals from a final judgment of the Portage County Court of Common Pleas, Domestic Relations Division, in which the trial court granted appellee, Linda E. Call, spousal support in the amount of $500 per month for a period of seventy-two months. For the following reasons, we affirm the decision of the trial court.
Appellant and appellee were married on July 14, 1973. One child was born as issue of the marriage on November 7, 1973.[1] On September 3, 1997, appellant filed a complaint for divorce based on gross neglect of duty, extreme cruelty, and incompatibility. In response, appellee filed an answer and a counterclaim for divorce.
A hearing was held on March 6, 1998, where both sides presented evidence relating to their respective incomes, in addition to other matters not relevant to this appeal. Appellant testified that he had been earning approximately $61,500 per year until he was laid off in January 1998. This amount included $58,000 annually from his employment as an engineer with Sajar Plastics, and $3,558 per year from D M Sport Diving. Although unemployed at the time of the hearing, appellant testified that he was actively searching for similar employment and that he expected to obtain positive results in the near future. As for expenses, appellant admitted that he was then currently living with his girlfriend with whom he shared all living expenses.
Appellee testified that she earned approximately $48,000 per year managing membership eligibility and software configuration for Summa Care Insurance Company. In addition, appellee also testified that her monthly expenses exceeded her total income by nearly $700 per month. This total did not include approximately $4,000 which appellee testified she expected to incur in repairing the roof and septic system of the marital residence.
On March 11, 1998, the trial court issued a judgment entry granting the parties a divorce based on incompatibility. In the divorce decree, the trial court ordered appellant to pay appellee spousal support in the amount of $500 per month for the next seventy-two months, or until appellee remarries or dies. The trial court's decision was based on the following factors: (1) the length of the marriage; (2) the fact that appellee's employment capabilities were significantly less than appellant's; (3) appellee had been the primary caretaker throughout the minority of the parties' child; (4) appellee's monthly needs exceeded her resources by almost $700; and (5) all other factors listed in R.C. 3105.18.[2] Because appellant was unemployed, the trial court delayed the start of appellant's obligation until June 1, 1998 or until such time appellant became employed, whichever occurred first. The trial court also retained jurisdiction over the issue of spousal support.
On January 20, 1999, appellant filed a timely notice of appeal. However, after reviewing the December 22, 1998 judgment entry from which appellant appealed, this court determined that there was no final appealable order. As a result, we remanded the case for fourteen days so that the trial court could issue a nunc pro tunc
judgment entry specifying what judgment entries were necessary to conclude the trial court proceedings. The trial court complied with our request, and the case proceeded according to rule. Appellant now asserts a single assignment of error for our consideration:
 "The trial court erred to the prejudice of Plaintiff-Appellant by granting spousal support."
In his lone assignment of error, appellant argues that when the evidence establishes that one spouse is self-supporting, while at the same time the other spouse possesses no superior ability to pay, it is an abuse of discretion to award support to the self-supporting spouse. According to appellant, the record demonstrates that appellee is self-supporting at an income of $48,000, and that a salary of that magnitude should obviate any "need" for support as a matter of law. Appellant further maintains that the trial court abused its discretion by failing to consider all of the factors listed in R.C. 3105.18(C)(1). We disagree.[3]
The applicable statutory provision governing spousal support is R.C. 3105.18. In particular, R.C. 3105.18(C)(1) provides:
 "In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
 "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
"(b) The relative earning abilities of the parties;
 "(c) The ages and the physical, mental, and emotional conditions of the parties;
"(d) The retirement benefits of the parties;
"(e) The duration of the marriage;
 "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 "(g) The standard of living of the parties established during the marriage;
"(h) The relative extent of education of the parties;
 "(i) The relative assets and liabilities of the parties, including but limited to any court-ordered payments by the parties;
 "(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 "(l) The tax consequences, for each party, of an award of spousal support;
 "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 "(n) Any other factor that the court expressly finds to be relevant and equitable."
The purpose of spousal support is to provide for the financial needs of an ex-spouse. McClain v. McClain (Sept. 30, 1999), Portage App. No. 98-P-0002, unreported, at 6, 1999 Ohio App. LEXIS 4655. However, such need is no longer based upon necessity as was the case prior to the 1991 revision of R.C. 3105.18. Accordingly, a trial court may now award spousal support when it is "appropriate and reasonable" to do so. Houck v. Houck (Dec. 26, 1997), Trumbull App. No. 97-T-0025, unreported, at 9, 1997 Ohio App. LEXIS 5950. See, also, Lonsway v.Lonsway (Sept. 3, 1999), Lake App. Nos. 98-L-130 and 98-L-171, unreported, at 18, 1999 Ohio App. LEXIS 4135.
Trial courts have broad discretion in deciding what, if any, award of spousal support is equitable based upon the facts and circumstances of each case. Houck at 8, citing Kunkle v. Kunkle
(1990), 51 Ohio St.3d 64, 67. As a result, a reviewing court cannot substitute its judgment for that of the trial court unless it is first determined that the trial court abused its discretion.Houck at 8. See, also, Cherry v. Cherry (1981), 66 Ohio St.2d 348,355. "Abuse of discretion" is more than simply legal error; it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219.
After making a spousal support determination, the trial court must indicate the basis for its award in sufficient detail to facilitate adequate appellate review. Kaechele v. Kaechele
(1988), 35 Ohio St.3d 93, 96-97; Bianco v. Bianco (Aug. 27, 1999), Trumbull App. No. 97-T-0226, unreported, at 9, 1999 Ohio App. LEXIS 3989, quoting Stafinsky v. Stafinsky (1996), 116 Ohio App.3d 781,784. A trial court does not satisfy Kaechele by simply stating that it considered the factors listed in R.C.3105.18(C)(1). Bianco at 9; Stafinsky at 784. Rather, the trial court must provide some factual support for its award.
In the instant matter, the trial court stated in its March 11, 1998 judgment entry that it had considered all of the factors listed in R.C. 3105.18 when making its determination. In addition, the trial court also set forth in greater detail its reliance on at least five of the criteria that it felt were dispositive of the amount of spousal support awarded. These criteria included the parties' earning capacities, the length of the marriage — over twenty-five years, the fact that appellee was the primary caretaker of the parties' child while he was a minor, and the fact that appellee's monthly income fell approximately $700 short of her liabilities.
The record also showed that during the pendency of the divorce proceedings, appellee had been responsible for the continued upkeep of the marital home, and as part of the divorce decree, she had agreed to assume the entire $917.34 monthly mortgage payment. At the same time, appellant was sharing all of his living expenses with his then girlfriend.
Even accepting appellant's assertion that appellee was self-supporting at an annual salary of $48,000, that factor by itself is not controlling. Houck at 17; Johnson v. Johnson (Sept. 30, 1997), Lake App. No. 96-L-171, unreported, at 2, 1997 WL 663319 (holding that "[s]pousal support is allowable even when a party is working full-time, particularly when a gap in income levels remains"). Furthermore, while appellant may be correct in asserting that not every factor contained in R.C. 3105.18 favors the awarding of spousal support in this case, that is not the applicable standard. The trial court is not required to recite in its judgment entry every single basis for its decision. Instead, as we previously noted, the key inquiry on review is whether or not the trial court provided sufficient detail to facilitate the appellate process. When the record shows that the trial court considered all of the factors in R.C. 3105.18 in reaching its decision, and there is no evidence that the trial court abused its discretion, the trial court's decision to award spousal support must be affirmed. Houck at 11, citing Link v. Link (June 20, 1997), Lake App. No. 96-L-067, unreported, 1997 Ohio App. LEXIS 2680.
Although this court may feel that this case was a close call with respect to the award of spousal support, there is no indication that the trial court acted in an arbitrary or unreasonable manner. The evidence in the record supports the trial court's decision: appellant's income was normally greater than appellee's; appellant's earning ability, by virtue of his degree in engineering and appellee's lack of any degree, exceeded appellee's earning capacity; appellee's expenses exceed her income; the twenty-five year duration of the marriage; and the fact that appellee had acted as the primary caregiver for the couple's child. As a result, appellant's single assignment of error is without merit.
Based on the foregoing analysis, the judgment of the trial court is affirmed.
 _________________________ JUDGE JUDITH A. CHRISTLEY
FORD, P.J., O'NEILL, J., concur.
[1] At the time of the parties' divorce, their child had reached the age of majority. However, the record shows that the child was still living at home with appellee.
[2] The trial court also made various rulings with respect to the distribution of property in its March 11, 1998 judgment entry. However, additional hearings were required on the issue of property division, and subsequent judgment entries were entered. None of the subsequent rulings affected the granting of spousal support in this matter.
[3] We would like to note that appellant does not raise as error the length of time he is required to pay spousal support. As a result, this court will focus its inquiry on the single issue of whether or not the trial court abused its discretion in awarding any spousal support at all.