This is an appeal from the Portage County Court of Common Pleas, Domestic Relations Division. Appellant, Paul F. Sullivan, appeals the trial court's judgment entry granting appellee, Virginia Sullivan, spousal support.
Appellant and appellee were married August 15, 1986. One child, Holly, was born as issue of the marriage on June 23, 1989. Appellee filed for a legal separation on April 22, 1998, on the grounds of adultery, gross neglect of duty and extreme cruelty, and incompatibility. She sought allocation of parental rights, temporary and permanent child support, permanent spousal support, an equitable division of the marital assets, and a restraining order against appellant.
On April 24, 1998, the trial court ordered that appellant be restrained from selling, transferring, or disposing of the marital assets. A trial was held on November 2, 1998, but prior to the trial, the parties entered into a settlement agreement, which included a shared parenting plan, division of marital and separate property, and child support. At the trial, the issue of payment of spousal support was addressed.
The evidence revealed that appellant and appellee met in Atlanta and were married. Both parties were previously married, but appellee had no children from her previous marriage, whereas appellant had three adult children from his first marriage.
Appellee took the stand and related that her expenses were about $12,134 per month. She indicated that once the marital residence was sold, she wanted to purchase a home for about $175,000 for her and Holly, which would reduce the mortgage payment from $4,500 to $1,400, but the remaining expenses would be the same. She revealed that she earned $33,753.27 in 1995, $13,920 in 1996, and nothing in 1997.
Further, appellee testified that she attended one semester of college in 1964 and then obtained employment as an insurance underwriter in Atlanta. However, once she married appellant in 1986, she resigned from that position and moved to New Jersey to join her husband. She eventually obtained full-time employment in New Jersey as an insurance underwriter in April 1987. She continued with that same company until January 1995, when she left New Jersey because appellant had taken a position in Alabama. Appellee gave up her full-time employment to move, but the New Jersey company agreed to allow her to do the same job at a branch office in Alabama on a part-time basis. However, shortly thereafter, the couple moved to Cleveland. After the parties moved to Ohio in August of 1996, appellee was not working, and thus, had no earnings. She stated that she would require additional training if she returned to work as an underwriter, but she had not sought employment because of Holly.
Appellant testified that he took a job in Cleveland because he needed "more challenge in [his] job." He left his residence in December 1997, and moved in with his girlfriend, Melinda, and her two children. Apparently, this was seven weeks after appellee and his daughter joined him in Cleveland. He mentioned that he contributed $1,000 each month toward Melinda's rent and about $400 for food per month. He also participated in payment of the telephone bill. Along with appellant's living expenses, his other monthly expenses included: $90 for life insurance, $2550 in child support for Holly, and $3,200 pursuant to the divorce decree from his first marriage for the education of his three children.
Appellant attended college for one year. His gross monthly income was established to be $12,100. However, the evidence at trial revealed that appellant's gross income in 1997, along with the profits from his corporation, amounted to $292,108. The couple's home was valued at over $800,000, and since the parties' separation, appellee has had exclusive possession of it.
On March 25, 1999, the trial court issued a judgment entry of divorce. The trial court found that:
 "* * * [T]his marriage is a marriage of 12 years duration, during which time [appellee was] the primary caretaker of the minor child.
 "[Appellant] is 55 years of age and earns well over $200,000 per annum. ***
 "[Appellee] is 52 years of age and her earning ability is limited by her age, lack of any special skills, and limited opportunities in her field of experience. * * * [She] lost income production capacity not only by being the primary caretaker of the child, but also by having to resign from full employment and having to accept temporary part-time employment in order to relocate * * * on two separate occasions in furtherance of his career and increase of future earning ability.
 "* * * "[Appellee] will continue to have monthly expenses in excess of $12,000, of which about $7,000 is attributable to the first and second mortgages, property taxes, and homeowner's association fees.
 "* * * "The court finds that [appellant] testified that his monthly living expenses are approximately $1,400. * * *
 "Considering these factors, plus the education of the parties, along with other factors enumerated in R.C. 3105.18, it is the finding of the Court that [appellant] should pay, as spousal support, the sum of * * * [$6,000] a month * * *."
Moreover, as part of the decree, appellant was ordered to pay, a total of $9,200 in support until the marital residence is sold, plus a 2% processing charge, which consists of $2,500 in child support and $6,700 in spousal support. Spousal support was to commence on November 1, 1998, and continue for forty-eight months. Once the home was sold, spousal support was to decrease to $6,000, plus the 2% processing charge and continue for the remainder of the forty-eight month period that began on November 1, 1998. It is from that entry that appellant timely filed the instant appeal and now asserts the following as error:
 "[1.] The trial court abused discretion in making a judgement [sic] entry for divorce which with insufficient factual findings to support its order of spousal support or arrearage when it solicits and receives proposed factual findings of fact.
 "[2.] In making a Judgment Entry of Divorce, a court abuses its discretion where it finds an arrearage in spousal support when there is no proper court order on [appellant] obligating him to pay and the finding is based upon ex parte evidence not admitted at trial, concerning events which took place after the trial, when at trial there was uncontroverted agreement between the parties that [appellant] had paid, and [appellee] had received, support payments as agreed.
 "[3.] The Court's award of spousal support is contrary to the manifest weight of the evidence and constitutes an abuse of discretion where the Court failed to consider evidence of [appellant's] actual living expenses, his prior court-ordered support obligations, [appellee's] specialized training and admitted earning ability, and the economic effect of the imminent sale of the marital home, which had been agreed to by the parties."
After the appeal was filed, on May 12, 1999, appellant filed a motion in the trial court to modify both spousal and child support. Thereafter, on June 18, 1999, appellant filed a motion to stay the enforcement of the arrearages until we determined whether the order establishing the arrearage was lawful. The trial court granted appellant's motion to stay as to the $4,162.94 in arrearages.
As appellant's first and third assignments of error are interrelated, they will be addressed in a consolidated fashion. In his first assignment, appellant alleges that the trial court's decision to award spousal support and arrearages were not supported by sufficient factual findings. Further, for his third assignment, appellant claims that the award of spousal support was against the manifest weight of the evidence and constituted an abuse of discretion on the trial court's part.
In Ohio, it is well-established that a trial court has broad discretion in formulating an award of spousal support and that a reviewing court will not disturb an award absent a finding that the court abused its discretion. Blakemore v. Blakemore (1983)5 Ohio St.3d 217, 218. An abuse of discretion is more than a mere error of law; "`it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" Id. at 219, quotingState v. Adams (1980), 62 Ohio St.2d 151, 157. "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E.Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus. We must indulge every reasonable presumption in favor of the lower court's judgment and finding of facts. Seasons Coal Co.v. Cleveland (1984), 10 Ohio St.3d 77, 79-80.
Pursuant to R.C. 3105.18, a trial court must award spousal support when it is "appropriate and reasonable." Davis v. Davis
(Mar. 31, 2000), Portage App. No. 98-P-0122, unreported, at 5;Clontz v. Clontz (May 16, 1997), Trumbull App. No. 96-T-5531, unreported, at 6. R.C. 3105.18(C)(1) provides:
 "* * * In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors: * * *."
 Thus, the court must consider all of the following factors: "(1) the income of the parties; (2) the earning abilities of the parties; (3) the ages and health of the parties; (4) the parties' retirement benefits; (5) the duration of the marriage; (6) the appropriateness of the parties to seek employment outside the home; (7) the marital standard of living; (8) the education of the parties; (9) the assets and liabilities of the parties; (10) the contribution of either party to the other's education; (11) the cost of education of the party seeking support; (12) the tax consequences of a spousal support award; (13) the lost income that results from the parties' marital responsibilities; and (14) any other factor the court deems relevant." Davis, supra, unreported, at 6; Kraska v. Kraska (Dec. 4, 1998), Portage App. No. 97-P-0094, unreported, at 6; Waleryszac v. Waleryszac (Aug. 15, 1997), Trumbull App. No. 96-T-5498, unreported, at 3-4.
In Stafinsky v. Stafinsky (1996), 116 Ohio App.3d 781, 784, this court stated:
 "In making spousal support awards, R.C. 3105.18 requires the trial court to review the statutory factors in [R.C. 3105.18(C)(1)] that support such an order, and then indicate the basis for awarding spousal support in sufficient detail to facilitate adequate appellate review. Kaechele v. Kaechele
(1988), 35 Ohio St.3d 93, 96-97 * * *." (Parallel citation omitted.)
In the instant matter, a review of the record and judgment entry reveals that the trial court considered many of the factors listed in R.C. 3105.18(C) in awarding spousal support. Appellant specifically argues that the trial court failed to consider evidence of his actual living expenses, his prior court-ordered support obligations, appellee's specialized training and admitted earning ability, and the economic effect of the imminent sale of the marital home. The only factor listed by appellant that the trial court did not consider was appellant's prior court-ordered support obligation. Although appellant submitted his prior divorce decree from New Jersey, he did not produce any specific documentation at trial indicating that he had a current obligation to pay college expenses for his three adult children from his first marriage. Thus, the trial court did not commit an error.
In arriving at its decision, the trial court examined the following factors: (1) the marriage lasted twelve years; (2) appellee was the primary caretaker of the minor child; (3) appellant was fifty-five years of age and earned over $200,000 per year; (4) appellee was fifty-two years old and her earning ability was limited by her age, lack of any special skills, and limited opportunities in her field of experience; (5) appellee had lost income production capacity by being the primary caretaker of the child and by having to resign from full employment and accept temporary part-time employment in order to relocate in furtherance of appellant's career; and (6) the monthly expenses of both appellant and appellee. The trial court also considered the other factors enumerated in R.C. 3105.18. Therefore, the court set forth its rationale with respect to its award of spousal support in sufficient detail to allow appellate review. We conclude that the trial court did not abuse its discretion and that the spousal support award was "appropriate and reasonable." Appellant's first and third assignments of error are without merit.
In his second assignment of error, appellant alleges that the trial court cannot make a finding of an arrearage of spousal support when there is no prior court order to pay support. Appellant argues that the trial court ordered that "as of February 28, 1999, there [was] $4,162.94 arrearage due under this Court's support orders, for which judgment is entered and execution may issue against [appellant]. * * *" Appellant posits that no evidence was presented to show the basis for that order.
We note that a trial court's decision awarding temporary spousal support arrearages will not be disturbed unless the record shows that the decision was unreasonable, arbitrary or unconscionable. Blakemore, 5 Ohio St.3d at 219. As stated by the Ohio Supreme Court in Blakemore, "`[t]he term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. * * *.'" Id.
Upon our examination of the record, it is our view that the trial court abused its discretion in finding appellant in arrears in the amount of $4,162.94 for spousal support. Specifically, exhibit "E," which the trial court relied upon in its judgment entry, was not part of the evidence that was submitted, marked, or admitted during the trial.[1] Hence, the evidence below fails to support the trial court's determination. Appellant's second assignment of error is with merit. Consequently, this matter is remanded to the trial court for an evidential hearing on the issue of whether or not an actual spousal arrearage had been obtained, and, if so, what that amount was.
For the foregoing reasons, appellant's first and third assignments of error are not well-taken. Appellant's second assignment of error is sustained. The judgment of the Portage County Court of Common Pleas, Domestic Relations Division, is affirmed in part, and reversed and remanded in part for proceedings consistent with this opinion.
NADER, J., O'NEILL, J., concur.
[1] This exhibit was a support payment record of payments appellant made from November 1998 to February 1999.