STAFINSKY, Appellee,

v.

STAFINSKY, Appellant.

[Cite as *Stafinsky v. Stafinsky* (1996), 116 Ohio App.3d 781.]

Court of Appeals of Ohio,
Eleventh District, Portage County.

No. 96–P–0135.

Decided Dec. 23, 1996.

*Glinsek, Higham & Kristoff* and *Gerald J. Glinsek,* for appellee.

*Scott D. Maybaum,* for appellant.

FORD, Presiding Judge.

This is an accelerated appeal from a judgment of the Portage County Court of Common Pleas, Domestic Relations Division, that granted appellant, Gerald J. Stafinsky, and appellee, Janet L. Stafinsky, a divorce.

Appellant and appellee were married on September 9, 1967, and three children were born during the marriage. Appellant was employed throughout the mar-

riage, and worked for Davies Can Company as a plant accountant, making approximately $52,000 yearly. Appellee spent a large portion of the marriage as a homemaker, although she spent some time as a teacher and working other miscellaneous jobs, until she began employment in 1988 as a research assistant at the Northeast Ohio Universities College of Medicine, making approximately $26,400 annually.[1]

On August 31, 1992, appellant and appellee separated. On December 20, 1993, appellee filed for divorce and filed a motion for temporary support orders. Appellant answered and counterclaimed for divorce on January 18, 1994.

On February 10, 1994, the trial court approved a referee's[2] report that required appellant to pay $524.18 monthly in child support and $250 in a monthly temporary spousal support. No objection was ever filed to the referee's report, and no transcript is present in the record of the hearing regarding these temporary orders.

On May 10, 1994, an agreed entry was filed ending appellant's child support obligation, as the parties' last child had become emancipated.

On June 20, 1994, appellee filed a motion to increase spousal support. On August 4, 1994, the trial court adopted the referee's recommendation, increasing appellant's temporary spousal obligation to $500 monthly. Again, no objection was filed to the referee's report and no transcript of the hearing was prepared.

The final hearing on this matter began on August 9, 1994, and following a continuance was concluded on October 17,1 994. The trial court awarded the parties a divorce on February 21, 1995, and appellant appealed. On October 30, 1995, this court *sua sponte* dismissed that appeal for lack of a final appealable order. The trial court filed a judgment *nun pro tunc* on January 11, 1996, and appellant again appeals raising the following as error:

"1. The trial court committed reversible error in issuing a spousal support award without making specific findings of fact regarding the statutory factors of [R.C.] 3105.18(B).

"2. The trial court committed reversible error in unilaterally implementing the recommendation of the [referee] for an increase in temporary spousal support without adequate factual support.

---

1. Evidence was produced in the hearing that appellee had received a $1 an hour pay decrease due to changing work conditions.

2. Because the proceedings in this case predate the July 1, 1995 amendment to Civ.R. 53, which changed the title of referee to magistrate, we will use the term "referee" in this opinion.

"3. The trial court's property division award must be reversed as being inequitable and contrary to [R.C. Chapter] 3105."

■ In the first assignment, appellant contends that the trial court erred when it awarded appellee spousal support in the amount of $500 monthly for seventy-two months, but failed to adequately list which factors in R.C. 3105.18(B) led the court to make that award. This contention has merit.

■ In making spousal support awards, R.C. 3105.18 requires the trial court to review the statutory factors in R.C. 3105.18(B) that support such an order, and then indicate the basis for awarding spousal support in sufficient detail to facilitate adequate appellate review. *Kaechele v. Kaechele* (1988), 35 Ohio St.3d 93, 96–97, 518 N.E.2d 1197, 1200–1202.

In this case, the trial court held:

"Having considered the factors enumerated in [R.C.] 3105.18, it is further ORDERED, ADJUDGED and DECREED that [appellant] shall pay, as a spousal support, the sum of Five Hundred Dollars ($500) a month for Seventy-Two (72) consecutive months or until [appellee] shall remarry or die."

As this court stated in *Stychno v. Stychno* (Dec. 29, 1995), Trumbull App. No. 94–T–5306, unreported, at 7, 1995 WL 815518:

"This court has previously held that a trial court does not satisfy the holding in *Kaechele* by merely stating that it considered the factors enumerated in R.C. 3105.18. *Killing v. Killing* (Sept. 30, 1994), Portage App. No. 93–P–0096, unreported, at 6 [1994 WL 587776].

"Furthermore, a review of the entire judgment entry reveals that the only factor set forth in R.C. 3105.18(C)(1) that the trial court ever mentions is the income of the parties. Clearly, this was insufficient and the case must be remanded to the trial court to indicate he basis of it spousal support award * * *."

The order in the present case is similar to the order in *Stychno*, except that this final order does not refer to even the parties' income levels. Accordingly, as the order in this case clearly is inadequate because it does not provide reasons for the award of spousal support, appellant's first assignment is with merit, and this case must be remanded for the trial court to adequately reference the rationale for awarding spousal support.

■ Appellant's second assignment claims error in the trial court's decision to adopt the referee's report. Former Civ.R. 53(E)(6) stated that a factual determination cannot be raised as error on appeal unless an objection to that finding is

raised in the proceedings below.[3]   Appellant contends that the court erred by adopting the report increasing his temporary support obligation before he could file any objections.   However, former Civ.R. 53(E)(7) permitted a court to so rule, and made specific provision for a party to object even after a trial court initially adopts a referee's report.   Appellant's failure to object is alone dispositive of this assignment.

■   In this case, the trial court adopted the referee's finding that an increase in appellant's spousal support obligation was appropriate on August 4, 1994. Appellant now argues that no new evidence was produced in the hearing on the motion to increase spousal support that supports such an order.   However, because no transcript of that hearing has been included in the record, even if objections had been timely filed, we would be unable to review the assignment of error.   Appellant's second assignment is without merit.

In the third assignment, appellant claims that the trial court erred both in failing to utilize a *de facto* termination date of the marriage, especially in relation to appellant's retirement plan, and also by failing to properly identify all marital and separate property in the property division, in particular, the classification of certain debts.

■   In regard to the termination date, it is clear that a trial court, in its discretion, *may* use a *de facto* termination date when such a date would be equitable.   R.C. 3105.171(A)(2)(b); *Berish v. Berish* (1982), 69 Ohio St.2d 318, 23 O.O.3d 296, 432 N.E.2d 183.   Otherwise, it is presumed that the date of the final hearing is the appropriate termination date of the marriage.   Therefore, a decision is discretionary and will not be reversed on appeal absent an abuse of discretion.   *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140.   A review of the record in this case reveals that August 31, 1992, the date of separation, is a potential date for the end of the marriage.   However, the trial court clearly did not abuse its discretion when it chose to use the final hearing as the date of the end of the marriage.   See *Schneider v. Schneider* (1996), 110 Ohio App.3d 487, 674 N.E.2d 769.

■   Appellant next claims that the trial court erred in not dividing certain marital debts in the approximate amount of $26,090.17, which, from a review of the record, were incurred by appellant after the parties' separation.   The trial court's judgment entry provided that "[e]ach party shall be responsible for [his or her] own [a]ttorney fees and [his or her] own debts incurred since separation."   A review of the transcript of the final hearing reveals that appellant took out loans

---

3.   The current version is Civ.R. 53(E)(3)(b), and also precludes the assigning as error any conclusion of law absent an objection.

after the separation, without informing appellee, in order to pay off the marital home, to pay off appellant's automobile, to purchase a time-share condominium in Austria, and to pay off his credit card debt.

First, appellant paid off the marital home, which was then awarded to appellee in the equitable property division. Second, $8,000 was used to purchase a European time-share condominium and approximately $2,400 was used to pay off a van, both of which were awarded to appellant. Next, appellant took out a $3,000 loan to pay his legal fees, which the trial court determined should be borne by appellant.[4] Finally, $10,000 was used to pay off appellant's credit card debt. Testimony was produced at trial that appellant routinely accrued significant credit card debt and that appellant did not consult appellee or include her in the decisions regarding the use of his credit cards. The trial court determined that appellant should pay for any of his excesses that were incurred during the period of the parties' separation.

The trial court is vested with significant discretion in making an equitable property division. See *Martin v. Martin* (1985), 18 Ohio St.3d 292, 18 OBR 342, 480 N.E.2d 1112; *Blakemore*. Given the foregoing testimony, we cannot say that the trial court abused its discretion when it determined that debt incurred during the separation by each of the parties would be paid by the person who incurred the debt. *Blakemore*. Appellant's third assignment is without merit.

For the foregoing reasons, appellant's first assignment is with merit, and his second and third assignments are without merit. The judgment is reversed, and the cause remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

CHRISTLEY and EDWARD J. MAHONEY, JJ., concur.

EDWARD J. MAHONEY, J., retired, of the Ninth Appellate District, sitting by assignment.

---

4. We note that appellee was also responsible for her own legal fees and debts.