OPINION
This is an accelerated calendar appeal from the Trumbull County Court of Common Pleas, Domestic Relations Division. Appellant, Scott Bianco, appeals from a judgment entry granting appellee, Paulina Bianco, a divorce, ordering appellant to pay spousal support, and making a division of the parties' property.
The parties were initially married in 1971, and were divorced in 1986, however, they never lived separately from each other after the divorce. On March 21, 1997, appellee filed a complaint for divorce, asserting that the parties had been married in May 1986 in Trumbull County, Ohio. As grounds for the divorce, appellee asserted gross neglect of duty and extreme cruelty. Also, the parties have two emancipated children, Mariah, born on January 20, 1974 and Angela, born on June 5, 1977.
Appellant did not file any pleadings in the trial court. However, on May 30, 1997, he did appear at a proceeding during which the magistrate issued numerous temporary orders. The magistrate's order relating to that hearing stated that the issue of whether the parties had entered into a common law marriage would be addressed at a hearing on July 16, 1997. Ultimately, that hearing was rescheduled for August 11, but appellant did not receive proper notice of the hearing; thus, the magistrate continued the hearing until September 11, 1997.
As a result of the September 11 hearing, the magistrate issued a decision that included the following conclusions: (1) appellant did not appear at the hearing, although he had notice; (2) the parties entered into a common law marriage in May 1986; and (3) appellant was to pay $1,000 per month as spousal support. Appellant did not file any objections to the magistrate's decision.[1]
The matter proceeded to a hearing to the court on October 16, 1997.[2] In a judgment entry filed on November 21, 1997, the court concluded that: (1) appellee was entitled to a divorce on the basis of gross neglect of duty and extreme cruelty; (2) the parties' marriage should be treated as a twenty-six year marriage because the parties immediately cohabited after the 1986 divorce; (3) appellant was ordered to pay $900 per month in spousal support, which was to be deducted from appellant's social security benefits; (4) the spousal support was to be paid until several marital debts were paid in full; (5) appellee was awarded appellant's interest in the marital residence; and (6) appellee was entitled to one third of appellant's net proceeds in a personal injury claim pending in the Trumbull County Court of Common Pleas, General Division.
After the trial court entered the foregoing judgment, appellant filed a notice of appeal. On April 2, 1999, this court remanded the matter to the trial court for the sole purpose of clarifying the nature of the October 16, 1997 hearing referenced in the November 21 judgment entry. On April 27, 1999, the trial court submitted a magistrate's decision and findings of fact and conclusions of law along with a revised judgment entry. On May 12, 1999, appellant filed a motion to strike the magistrate's decision because it was "newly authored" and appellee filed a response to appellant's motion.[3] This court granted appellant's motion, and both the April 27 magistrate's decision and judgment entry were stricken from the record of this appeal. Subsequently, on June 3, 1999, this court, once again, remanded the case to the trial court for the sole purpose of clarification. On June 8, 1999, the trial court resubmitted a proper magistrate's decision and judgment entry adopting the magistrate's decision. On June 22, 1999, appellant filed a second motion to strike the June 8, 1999 magistrate's decision and judgment entry, which restated the arguments set forth in the earlier motion. This court overruled that motion on August 2, 1999. Appellant now asserts the following as error:
 "[1.] When a court, through a decree of divorce allocates the division of marital property, it is error for a court in a subsequent divorce to reallocate or modify a previous order regarding the same property. Such a reallocation or modification is barred by statute and by the doctrine of res judicata [sic.]
 "[2.] When an award of spousal support is made, it is in error for the trial court to fail to set forth in its decision, the factors considered in determining whether an award would be made and the amount.
 "[3.] The trial court erred in not allowing defendant-appellant to present evidence or testimony at the final hearing even though defendant-appellant failed to file pleadings."
In the first assignment of error, appellant contends that the trial court erred by modifying its property division in the previous divorce of the parties. Appellant argues that the court made an award of the marital residence in the 1986 divorce decree; thus, appellant argues that that property division cannot be modified because such a division violates the doctrine of resjudicata and is barred by R.C. 3105.171(I), which states:
 "A division or disbursement of property or a distributive award made under this section is not subject to future modification by the court."
Appellant's assertion is without merit for two reasons. First, the record before this court does not include the 1986 divorce decree. Hence, the record does not demonstrate any purported modification of that decree. Second, the record does affirmatively show that the parties were divorced in May 1986, were married again, and were subsequently divorced in 1997. Assuming, arguendo, that the property division of the marital residence at 8336 Anderson, Warren, Ohio, was addressed in the prior divorce decree, it was within the court's discretion to rule on the allocation again. Prior to the 1986 divorce, the property was marital in nature, and became non-marital as a result of the 1986 divorce. When the parties became remarried through common law marriage in 1986, the parties' home was again subject to being treated as marital property as part of a second marriage unless evidence would have been introduced to show that it should not be treated as a marital asset. Thus, it was subject to a new property division by the trial court upon the parties' divorce in 1997.
Also, we note that it was within the trial court's discretion to treat this as a marriage of twenty-six years, rather than eleven years, in making the property division. The court has discretion to divide the parties' marital property. R.C.3105.171(B). Marital property includes "[a]ll real and personal property that currently is owned by either or both of the spouses, * * * and that was acquired by either or both of the spouses during the marriage." R.C. 3105.171(A)(3)(a)(i). Furthermore, if the court determines that it would be inequitable to employ the actual date of marriage in determining the parameters of "during the marriage," then it may select such dates it deems to be equitable. R.C. 3105.171(A)(2)(b). Thus, in the instant matter, the court exercised its statutory discretion in utilizing the period from 1971 to 1997 as the period of the marriage in making the property division.
Additionally, appellant's assertion that the purported modification of the prior property division is barred by resjudicata is without merit. In Whitehead v. Gen. Tel. Co. (1969),20 Ohio St.2d 108, paragraph one of the syllabus, the Supreme Court of Ohio held:
 "A final judgment or decree rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of rights, questions and facts in issue as to the parties and their privies, and is a complete bar to any subsequent action upon the same cause of action between the parties or those in privity with them. The prior judgment is res judicata [sic] as between the parties or their privies." (Emphasis added.)
In the present case, the 1997 divorce is not the same cause of action as the 1986 divorce because it was brought to terminate a separate marriage. Therefore, res judicata does not apply to bar the 1997 property division. In summary, the 1997 property division violates neither R.C. 3105.171(I) nor the doctrine of resjudicata. Appellant's first assignment of error is without merit.
In the second assignment of error, appellant asserts that the trial court erred by failing to set forth in detail the factors it considered in determining the amount of the spousal support award. R.C. 3105.18(C)(1) states that the court must consider numerous items in determining an award of spousal support. In Stafinsky v.Stafinsky (1996), 116 Ohio App.3d 781, 784, this court stated:
 "In making spousal support awards, R.C. 3105.18
requires the trial court to review the statutory factors in [R.C. 3105.18(C)(1)] that support such an order, and then indicate the basis for awarding spousal support in sufficient detail to facilitate adequate appellate review. Kaechele v. Kaechele (1988), 35 Ohio St.3d 93, 96-97 * * *." (Parallel citation omitted.)
We further held that a court does not satisfy Kaechele by simply stating that it considered the R.C. 3105.18(C)(1) factors.Stafinsky, 116 Ohio App.3d at 784. In Stafinsky, we explained that when the trial court's judgment entry reveals that the only criterion it explicitly considered was the income of the parties, that judgment entry is insufficient. Id.
In the present case, the judgment entry reveals that although the trial court employed the singularly, conclusionary inadequate language of "this Court has considered all of the factors contained in Ohio Revised Code 3105.18," it also set forth in detail its reliance on two of the criteria that were dispositive of the amount of spousal support that it awarded. First, the court considered the liabilities of the parties. R.C.3105.18(C)(1)(i). Second, the court considered the length of the marriage. R.C. 3105.18(C)(1)(e). Even though the court explicitly relied on only these two factors, it explained in detail that the spousal support amount was closely related to the amount of the parties' debt that was accumulated either through appellant's spending or through debts accumulated by their daughter Mariah. Therefore, the court set forth its rationale with respect to its award of spousal support in sufficient detail to allow appellate review. Appellant's second assignment of error is without merit.
In the third assignment of error, appellant asserts that the trial court erred in not allowing him to present evidence at the final hearing. In support of his argument, appellant relies onHeffernan v. Heffernan (Aug. 19, 1981), Summit App. No. 10090, unreported, 1981 WL 4115, in which the defendant-appellant in a divorce proceeding appeared for a pretrial and final hearing, but did not file any pleadings. The trial court, in that case, did not permit the defendant-appellant to present any evidence because the defendant-appellant did not respond to the complaint for divorce. The reviewing court held that the trial court erred by refusing to permit the defendant-appellant to present evidence.Id. at 3. Other appellate courts have held that a trial court errs when it refuses to permit a defendant in a divorce proceeding to present evidence at the final hearing solely because the defendant did not file any responsive pleadings. Rochow v. Rochow
(Apr. 26, 1996), Mahoning App. No. 94 C.A. 49, unreported, at 3, 1996 WL 227763; Skaggs v. Skaggs (June 23, 1995), Marion App. No. 9-94-60, unreported, at 2, 1995 WL 368838; and Campbell v.Campbell (Aug. 13, 1993), Gallia App. No. 92 CA 39, unreported, at 3, 1993 WL 307535.
However, the case at bar is distinguishable from the foregoing cases because appellant arrived after presentation of evidence at the final hearing. In the instant case, as the court was reading its decision at the conclusion of the final hearing, appellant entered the courtroom and the following exchange occurred:
"THE COURT: You are Mr. Bianco?
"MR. BIANCO: Yes.
 "THE COURT: Well, you are just in time to hear the results. You are a little late for the —
"MR. BIANCO: I've been outside for an hour.
"* * *
"THE COURT: * * * Sir, what did you say?
 "MR. BIANCO: I've been out there for an hour there since 1:00.
 "MR. GEORGE: Your honor, I, specifically allowed a case to proceed before ours to give him an opportunity to come, and we didn't even start this Hearing until 12:45 — until 1:45.
 "And I made a circle around the Second Floor here, and he was nowhere to be seen.
"THE COURT: Ma'am, did you see your husband?
"MRS. BIANCO: No, I wasn't looking for him.
"* * *
 "THE COURT: Mr. George, you are saying as you brought everyone in to start this Hearing, you did not see Mr. Bianco?
"MR. GEORGE: I did not.
"* * *
"THE COURT: Back on the record.
 "Let the record reflect that the Court has checked with its Security, and Mr. Bianco signed in at 1:50, which is at least 20 minutes after the case was set and called.
 "It's unfortunate that we didn't know Mr. Bianco was outside, but he wasn't out here when we started. * * * He has filed no Pleadings. He has no real standing before this Court. * * *"
Therefore, appellant did not arrive for the final hearing in a timely manner, and then misrepresented the time of his arrival to the court. Furthermore, after the preceding colloquy, the court disclosed the primary aspects of its judgment to appellant, who basically agreed to each of its terms. Moreover, although the court did not offer appellant an opportunity to present evidence, he never requested the occasion to do so either. Accordingly, this case is distinguished from the foregoing cases because this appellant was late for the final hearing, agreed to the terms of the court's judgment, and did not request the opportunity to testify or to present any other evidence.
Likewise, we reject appellant's contention that the trial court erroneously granted appellee's default judgment in violation of Civ.R. 75(F), which prohibits granting default judgment in divorce actions. As noted by appellee, the trial court did not enter a default judgment, but instead considered the evidence presented and entered judgment accordingly. Appellee never moved for default judgment under Civ.R. 55, and the trial court did not state that it was entering judgment due to appellant's failure to plead.[4] Accordingly, appellant's third assignment of error is without merit.
For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Trumbull County Court of Common Pleas, Domestic Relations Division, is affirmed.
PRESIDING JUDGE DONALD R. FORD
NADER, J., CACIOPPO, J., Ret., Ninth Appellate District, sitting by assignment, concur.
[1] Although no transcript was filed from the hearing before the magistrate on the common law marriage issue, essentially we presume regularity because neither party challenged the finding by objections or otherwise.
[2] The record was originally ambiguous with respect to whether the October 16, 1997 hearing was held before the court or before the magistrate. The transcript of proceedings stated that the hearing was held before Magistrate Anthony Natale. However, the court's subsequent judgment entry seemed to reflect that the matter came to a hearing before the court on October 16 because that entry is signed by the judge. Furthermore, the magistrate did not issue a decision after the October 16, 1997 hearing.
[3] Appellant stated that the April 27 magistrate's decision and judgment entry were not identical to the November 21, 1997 entry which was appealed to this court.
[4] Although the final judgment entry stated that appellant was "in default of answer," it does not appear that the judgment was premised upon this basis.