OPINION
Defendant-appellant, Rita Back, appeals the decision of the Butler County Court of Common Pleas terminating the monthly child support being paid by plaintiff-appellee, Jeffrey Back. We affirm the decision of the trial court.
On March 8, 1995, appellee was ordered by the trial court to pay $50 per week as child support for the parties' minor child. On November 1, 1995, child support increased to $85 per week (or $368.33 per month) retroactive to July 1, 1995. On October 16, 1997, appellee moved the trial court for a reduction of child support to $162 per month. Due to a back injury which prevented appellee from working, the parties' minor child began receiving social security disability payments in the amount of $162 per month and appellant receives $977 per month or $11,724 per year in social security disability.
The Butler County Child Support Enforcement Agency ("CSEA") conducted an administrative review and concluded that appellee's child support obligation should be modified to $221 per month. Appellee was notified of the right to request an administrative hearing within thirty days. An administrative hearing was apparently never requested and the recommendation of CSEA became an order of the trial court.
On January 19, 1999, the magistrate, in an interim order, recommended that appellee's child support obligation be terminated. Appellant did not file objections to the magistrate's ruling. The decision was based upon appellee's current income and the social security disability the minor child receives. On January 26, 1999, the trial court adopted the magistrate's decision and overruled the administrative order. From this decision, appellant filed a timely notice of appeal. Appellant's brief fails to provide this court with, inter alia, any assignments of error as required by the Ohio Rules of Appellate Procedure. See App.R. 16(A)(3). Nevertheless, in the interest of justice, we consider appellant's three issues to raise to the following assignment of error:
 The trial court erred by terminating the child support obligation of appellee.
Appellant argues that there was no change of circumstances which would justify a modification in child support and, therefore, the administrative order of $221 per month should stand. In addition, appellant claims the trial court did not follow child support guidelines and rendered an arbitrary decision.
Appellant had fourteen days to object to the magistrate's decision. Civ.R. 53(E)(3)(a). However, objections to the magistrate's decision were never filed at the trial court level. Civ.R. 53(E)(3)(b) states that a party "shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." Because appellant failed to object to the magistrate's findings, she is barred for raising on appeal the trial court's adoption of those findings. Stafinsky v.Stafinsky (1996), 116 Ohio App.3d 781, 784-85. Accordingly, the assignment of error is overruled.
Judgment affirmed.
WALSH and VALEN, JJ., concur.