OPINION
This is an appeal from the Trumbull County Court of Common Pleas, Domestic Relations Division. Appellant, Thomas T. Glass, appeals from a judgment entry of the trial court as to the award of spousal support.
Appellant and appellee, Joanne J. Glass, were married on June 6, 1982. The parties have three children, Julie, born on February 14, 1983, Timothy, born on January 2, 1986, and Tiffany, born on February 2, 1994. On March 5, 1998, appellee filed for divorce on the grounds of extreme cruelty, gross neglect of duty, and incompatibility. On that same date, appellee filed a motion for an ex parte restraining order against appellant, which was granted. Appellant filed an answer and counterclaim on March 23, 1998. On March 24, 1998, the magistrate awarded appellee temporary custody of the three minor children and ordered that appellant pay appellee $735.42 in child support per month and that he have the standard order of visitation. Appellant was also required to pay temporary spousal support to appellee in the sum of $628, which was the amount of the mortgage obligation for the marital residence.
On May 13, 1998, appellee filed a motion for contempt because appellant failed to pay the monthly mortgage obligation and he did not comply with the restraining order. On July 17, 1998, the magistrate held a hearing on appellee's motion for contempt and determined that mortgage payments were current.
On December 10, 1998, appellee filed a motion requesting that the trial court suspend appellant's visitation as it was not supervised by his mother and because he had been suspended from his employment for failing a drug test. The magistrate modified appellant's visitation on December 29, 1998, as follows: (1) beginning on December 27, 1998, appellant would see his children one-day every other weekend from 12:00 p.m. to 8:00 p.m.; (2) holidays were pursuant to the standard order of visitation; (3) mid-week appellant would see his children from 5:00 p.m. to 8:00 p.m.; (4) the visits were to be supervised by appellant's parents and were not to interfere with the children's extra-curricular activities; and (5) appellant was not to be under the influence of drugs or alcohol.
After a hearing was held on March 1, 1999, the trial court issued a divorce decree on March 16, 1999, which stated that the parties had agreed on all issues except spousal support. The trial court granted the parties a divorce and ordered appellant to pay spousal support to appellee, for twenty-six months, $628 per month from April 1, 1999 through November 2000, and $500 per month from December 2000 through July 2001. The trial court issued a supplemental judgment entry on April 22, 1999, which in addition to the foregoing requirements, also required appellant to pay appellee $792.92 in back child support. Appellant filed the instant appeal and now asserts the following as error:
 "The trial court erred to the prejudice of [appellant] in awarding an amount of spousal support which exceeds his ability to pay."
 Appellant's sole contention is that the trial court erred in awarding appellee an amount of spousal support that exceeds his ability to pay.
In Ohio, it is well-established that a trial court has broad discretion in formulating an award of spousal support and that a reviewing court will not disturb an award absent a finding that the court abused its discretion. Blakemore v. Blakemore (1983)5 Ohio St.3d 217, 218. An abuse of discretion is more than a mere error of law; "`it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" Id. at 219, quotingState v. Adams (1980), 62 Ohio St.2d 151, 157.
Pursuant to R.C. 3105.18, a trial court must award spousal support when it is "appropriate and reasonable." Davis v. Davis
(Mar. 31, 2000), Portage App. No. 98-P-0122, unreported, at 5-6;Clontz v. Clontz (May 16, 1997), Trumbull App. No. 96-T-5531, unreported, at 6. R.C. 3105.18(C)(1) provides:
 "* * * In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors: * * *"
 Thus, the court must consider all of the following factors:
 "(1) the income of the parties; (2) the earning abilities of the parties; (3) the ages and health of the parties; (4) the parties' retirement benefits; (5) the duration of the marriage; (6) the appropriateness of the parties to seek employment outside the home; (7) the marital standard of living; (8) the education of the parties; (9) the assets and liabilities of the parties; (10) the contribution of either party to the other's education; (11) the cost of education of the party seeking support; (12) the tax consequences of a spousal support award; (13) the lost income that results from the parties' marital responsibilities; and (14) any other factor the court deems relevant." Davis, supra, unreported, at 6; Kraska v. Kraska (Dec. 4, 1998), Portage App. No. 97-P-0094, unreported, at 6; Waleryszak v. Waleryszak (Aug. 15, 1997), Trumbull App. No. 96-T-5498, unreported, at 3-4.
 In Stafinsky v. Stafinsky (1996), 116 Ohio App.3d 781, 784, this court stated:
 "In making spousal support awards, R.C. 3105.18 requires the trial court to review the statutory factors in [R.C. 3105.18(C)(1)] that support such an order, and then indicate the basis for awarding spousal support in sufficient detail
to facilitate adequate appellate review. Kaechele v. Kaechele (1988), 35 Ohio St.3d 93, 96-97 * * *." (Parallel citation omitted.) (Emphasis added.)
 We further held that a court does not satisfy Kaechele by simply stating that it considered the R.C. 3105.18(C)(1) factors. Id. In Stafinsky, we explained that when the trial court's judgment entry reveals that the only criterion it explicitly considered was the income of the parties, that entry is insufficient. Id.
In the case at hand, it is evident from a review of the judgment entry that the trial court provided specific points of analysis with regard to the R.C. 3105.18(C)(1) factors, and after doing so, determined that the spousal support award was "appropriate."
In its findings of fact, the trial court listed a factual finding regarding each relevant factor and provided an analysis of the factors. Specifically, the court found that appellant earned $30,000 per year, whereas appellee earned sporadic and minimal income from part-time work, amounting to about $200 in a three-month period. Appellant was able to attain a higher earning ability than appellee as she spent the majority of the marriage years at home. Appellant also had a pension and retirement benefits, but appellee did not. Further, both appellant and appellee were thirty-eight years of age and did not have any medical, mental, or emotional problems.
Moreover, the parties had been married for sixteen years. Even though both parties were high school graduates, appellant worked outside of the home throughout the marriage, but appellee had no significant work history because she was the primary homemaker and care provider. Appellee revealed that she wanted to attend school to better prepare herself for the workforce. In addition, the assets and liabilities, which were determined by stipulation, were equally divided.
Appellant's gross income was about $2,500 per month and he testified that his expenses were around $1,666. Appellee had virtually no income and her monthly expenses amounted to approximately $2,500 per month.
Generally, a spouse who was in a long-term marriage, who is older, or who has not had the opportunity to develop a career outside of the home is to receive spousal support from the other spouse. Clontz, supra, unreported, at 10. Here, there was a marriage of long duration where appellee had no opportunity to achieve an earning potential similar to that of appellant. Thus, the trial court found that appellee would not be able to adequately support herself while appellant was found to have the resources and ability to provide support.
Additionally, although R.C. 3105.18 does not specifically require a spousal support award to provide the parties with an equal standard of living, equity requires that a disadvantaged spouse receive sufficient spousal support to bring him or her up to a reasonable standard of living, in light of the standard maintained during the marriage. Addy v. Addy (1994), 97 Ohio App.3d 204,208.
Although each of the factors listed in R.C. 3105.18(C)(1) was examined and supported the trial court's determination that spousal support was appropriate, it is our view after examining the record that the trial court abused its discretion because the amount of support imposed was unreasonable.
The record reveals that if appellant was required to make payments of initially $628 per month, and eventually $500 each month, such amounts, in addition to his own expenses, would exceed his income. Accordingly, we conclude that the trial court abused its discretion in calculating the amount of spousal support to award to appellee, but did not abuse its discretion as to the duration of the support. Appellant's assignment of error is well-taken. The matter should be remanded so the trial court can recalculate the amount of spousal support in accordance with appellant's income and other relevant statutory factors.
For the foregoing reasons the judgment of the Trumbull County Court of Common Pleas, Domestic Relations Division, is reversed and remanded for further proceedings consistent with this opinion.
 ______________________________ PRESIDING JUDGE DONALD R. FORD
CHRISTLEY, J., concurs in judgment only with Concurring Opinion, O'NEILL, J., concurs.