OPINION
William R. Cox is appealing from the final order of divorce from Darlene Cox by the Montgomery County Common Pleas Court, Domestic Relations Division. The trial court awarded spousal support to Darlene, divided their property, and ordered William to pay for Darlene's health insurance through COBRA. These issues are now being contested by William.
Darlene and William were married on April 8, 1989. No children were born as issue of the marriage. Prior to the marriage, in 1985, Darlene purchased the marital residence for $32,000, with a down payment of $2,500. In 1998, Darlene left her job at Nord Resources Corporation, where she had been employed since 1984, when the company relocated to Albuquerque, New Mexico. She had been earning significantly higher income than William until that time. In 1998, Darlene cashed in her 401(k) worth $64,000, paid the remaining $22,000 on the mortgage, and paid off the loans on their automobiles.
At the time of the final hearing, Darlene was working as a bartender at Brownie's, a local tavern, earning $5 per hour and working approximately ten hours a week. She explained that she was not able to work full-time because of depression and back pain resulting from an automobile accident in 1996.
Darlene filed for divorce on April 9, 1999. The magistrate filed a decision on October 28, 1999, ordering that the marital residence be sold and that the equity be distributed as follows: Darlene was to receive $2,500 for her premarital down payment, $2,000 for premarital appreciation on the residence, and $22,000 representing that portion of her 401(k) used to discharge the mortgage. The remainder of the equity was to be split equally between the parties. Additionally, the magistrate ordered William's stock purchase plan with Spring Hill Nursery, valued at $17,765, to be divided between the parties. William was also ordered to pay $250 per month in spousal support to Darlene for four years.
William objected to the magistrate's decision, claiming that the designation of Darlene's retirement benefits as separate property and his retirement benefits as marital property was inequitable. He also objected to the decision obligating him to pay spousal support. The trial court sustained the objections in part and overruled them in part, finding that the marital residence was a premarital asset, therefore Darlene had been entitled to the premarital equity and appreciation. The trial court found, however, that the portion of the mortgage that had been paid with Darlene's 401(k) was marital property, not separate property, and should be divided accordingly. The trial court also affirmed the magistrate's establishment of spousal support and found that the length and amount of spousal support were appropriate.
William now appeals, assigning error to the trial court's determination of the division of retirement benefits, the award of spousal support to Darlene, and the order for William to pay for Darlene's COBRA benefits. Darlene filed a cross-appeal, asserting that the trial court abused its discretion in determining that her retirement benefits were wholly marital property because she had earned some of the funds prior to the marriage.
 I. The court erred when it considered the Plaintiff's retirement benefits as separate property and the Defendant's retirement benefits as marital property therefore, not reaching an equal distribution of assets. {Sic}
In William's first assignment of error, he argues that the trial court's decision finding his retirement benefits to be marital property and Darlene's retirement benefits to be separate property was inequitable. A review of the record reveals that the trial court overruled the magistrate's decision and found that Darlene's 401(k) was marital property and thus should be divided accordingly between the parties.
As such, William's first assignment of error is overruled.
 II. The court has further abused its discretion by awarding the Plaintiff spousal support in an excessive amount for four years.
William argues that the trial court abused its discretion by awarding Darlene $250 per month in spousal support for a period of four years. William contends that because the parties were only married for ten years, the "three year rule" would govern that he pay only 3.3 years of spousal support to Darlene.
In Paul v. Paul (Feb. 9, 1994), Greene App. No. 93-CA-47, unreported, we held that spousal support awards are grounded within the sound discretion of the trial court:
 The trial court enjoys wide latitude in determining the appropriateness as well as the amount of spousal support. The court's discretion is limited and guided by R.C. 3105.18(C), which mandates that the court consider all of the relevant factors in that statute when making awards of spousal support. The court must evaluate the evidence germane to each applicable statutory factor, then weigh the need for support against the ability to pay. The decision of the trial court will not be reversed absent an abuse of discretion.
Id. (Citations omitted). See, also, Kunkle v. Kunkle (1990),51 Ohio St.3d 64, 67. Additionally, a trial court is required to "indicate the basis for its [spousal support] award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable and in accordance with the law." Kaechele v. Kaechele (1988),35 Ohio St.3d 93, paragraph two of the syllabus.
We addressed a similar argument recently in Yeazell v. Yeazell (Aug. 4, 2000), Clark App. No. 2000 CA 7, unreported, where the appellant argued that the duration of spousal support was excessive based upon the "general accepted practice in [the] area to award one year support for every three years of marriage." We overruled the appellant's argument inYeazell and held that there had been no evidence in the record regarding any "general accepted practice," and that "we know of no rule that binds a trial court to whatever the generally accepted practice may be." Instead, we found that the trial court's award of seven years of spousal support, after the thirteen-year marriage, was not unreasonable.
Similarly, we find that the trial court's award of spousal support for four years in this case is not an unreasonable length of time. We know of no "three year rule" which would bind a trial court to awarding one year of spousal support for every three years of marriage, and thus cannot find that the trial court abused its discretion. Incidentally, had the trial court awarded spousal support in this way, William's obligation would have been shortened only by a matter of months.
William's next argument is that the trial court erred in the amount of spousal support it awarded to Darlene. William argues that income should be imputed to Darlene because she made "substantially more money" during the marriage. According to CWilliam, despite a back injury that prevented her from earning more money at the time of the hearing, Darlene had "taken a job as a bartender where she has to constantly be on her feet and remain standing, which should be difficult indeed if she does have a back injury."
After reviewing the record, we find no abuse of discretion in the trial court's decision to award $250 per month in spousal support. The record establishes that the magistrate and the trial court provided detailed analyses supporting their decision to award spousal support. Both decisions listed the parties' incomes for the three years preceding the hearing, but found that the relocation of Darlene's past employer and her back injury prevented her from earning the same amount of money at the time of the hearing.
The trial court, in adopting the magistrate's decision, noted that the magistrate had made no finding that Darlene was underemployed. Instead, the trial court concluded by stating that "based on the factors in R.C. § 3105.18(C)(1)(a)-(n), and the parties' circumstances at the time of the final hearing, spousal support is appropriate in the amount of $250 per month for a period not to exceed four years[.]"
Our review of the record supports the trial court's decision, and we find that the statutory factors relevant to this case were in fact considered by the magistrate and the trial court in arriving at their decision to establish spousal support. There is evidence in the record that, although Darlene was making substantially more money than William in previous years, she had involuntarily terminated her position upon the company's relocation to New Mexico. Furthermore, Darlene testified that an automobile accident in 1996 had prevented her from working full-time, and that at the time of the hearing she had been under a doctor's care for depression and back pain.
Additionally, William testified that he had been consistently earning approximately $20,000 per year, and Darlene stated that she was unable to meet her monthly obligations without some assistance. This demonstrates Darlene's need for spousal support, and we find that William is in the financial position to provide support and to maintain his own living expenses. Notably, William testified that he was interested in purchasing Darlene's share of the marital residence, and that he would be able to do so.
It is clear that the trial court did consider the appropriate statutory factors. Under these facts and in light of the preceding discussion, we find that the trial court did not act unreasonably, arbitrarily, or unconscionably in its decision to award Darlene spousal support.
Accordingly, William's second assignment of error is overruled.
 III. The court has continually abused its discretion by assesing {sic} the case in an unfair and unequitable {sic} and unconscionable way.
In his final assignment of error, William reiterates his argument that the trial court abused its discretion by classifying Darlene's retirement benefits as separate property and William's retirement benefits as marital property. Again, we find William's interpretation of the trial court's decision to be wrong, and we overrule this issue for the reasons we have previously stated.
Additionally, William argues that the trial court should have imputed income to Darlene in its calculation of spousal support. We overrule this argument based upon our discussion of his second assignment of error.
Finally, William contends that the trial court abused its discretion by requiring him to pay Darlene's COBRA benefits. We note that in reviewing the record, William did not raise this issue in his objections to the magistrate's decision. Civ.R. 53(E)(3)(b) precludes a party from assigning as error any conclusion of law absent an objection. Stafinskyv. Stafinsky (1996), 116 Ohio App.3d 781, 785, fn. 3. A party's failure to object to a matter contained in a magistrate's decision is considered a waiver of the right to argue said issue on appeal. Zumock v. Zumock
(Sept. 26, 1997), Portage App. No. 96-P-0180, unreported. Since William did not assert this issue in his objections to the magistrate's decision, he may not assert this as an assignment of error at this time. Accordingly, all but plain error has been waived. Thomas v. Thomas (Oct. 9, 1998), Greene App. No. 98 CA 59, unreported.
"In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." Goldfuss v. Davidson (1997),79 Ohio St.3d 116, syllabus. (Citations omitted). We find no indication of plain error in the instant case as the trial court had the discretion to order William to pay Darlene's COBRA benefits. Under R.C. 3105.18(B), trial courts are permitted to consider "all relevant factors" in determining the nature, amount and terms of payment of spousal support. Accordingly, the trial court acted within its statutory authority in ordering William to provide and pay for continued health insurance coverage for Darlene. See, e.g., Goode v. Goode (1991), 70 Ohio App.3d 125,131; Stone v. Stone (Nov. 23, 1988), Lawrence App. No. 1872, unreported. In further support of the trial court's determination, the record reveals that Darlene was not working full-time, and was not able to pay the high cost for monthly insurance. Thus, we find no plain error in the trial court's award of health insurance coverage for a period of three years, or until Darlene obtains her own coverage.
William's third assignment of error is overruled.
Darlene's cross-assignment of error is as follows:
 I. The trial court committed an abuse of discretion when it divided the proceeds from the sale of the house.
Darlene argues that the trial court abused its discretion in determining that the $22,000 from her 401(k) which she used to pay off the mortgage was solely from marital property. Darlene contends that the trial court should have "offset" this amount against William's award, especially since Darlene's 401(k) also had paid off William's car loan, which had become his separate property after the divorce. Furthermore, Darlene asserts that the trial court abused its discretion in failing to determine that the 401(k) monies accrued at Nord Resources during 1984 to 1989, prior to her marriage to William, were separate property.
In general, marital property is divided equitably, while separate property is awarded to its original owner. R.C. 3105.171(C) and (D). Separate property includes all real and personal property acquired by one spouse prior to the date of the marriage. R.C. 3105.171(A)(6)(a)(ii). InHoyt v. Hoyt (1990), 53 Ohio St.3d 177, 178, the Ohio Supreme Court determined that "[t]he general rule is that pension or retirement benefits earned during the course of a marriage are marital assets[.]" However, the court also held that "[w]hen considering a fair and equitable distribution of pension or retirement benefits in a divorce, the trial court must apply its discretion based upon the circumstances of the case, the status of the parties, the nature, terms and conditions of the pension or retirement plan, and the reasonableness of the result."Id., at paragraph one of the syllabus. Furthermore, if the trial court finds an equal division would be inequitable "the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable." R.C. 3105.171(C)(1). See, also, R.C. 3105.171(F).
Because Darlene earned a portion of her 401(k) prior to the marriage, she was entitled to have that portion treated as separate property. Accordingly, the trial court should have calculated which portion of her 401(k) was separate property, and determined what proportion of equity in the marital residence was Darlene's separate property. However, we do not find her argument persuasive that the portion of her 401(k) used to pay off William's automobile should be setoff against William's property distribution. We find that the trial court used its discretion to make a fair and equitable distribution, and we will not disturb that decision on appeal.
Accordingly, we find that Darlene's cross-appeal has merit and we reverse and remand the cause to the trial court for a determination of what portion of her 401(k) was separate property and for a recalculation of the proportion of separate property in the equity.
Judgment affirmed in part, reversed in part, and remanded to the trial court for a determination consistent with this opinion.
 ___________________________ FREDERICK N. YOUNG, J.
BROGAN, J. and FAIN, J., concur.