OPINION
This is an accelerated calendar appeal submitted on the briefs of the parties from the judgment entry of divorce issued by the Portage County Court of Common Pleas, Domestic Relations Division, in which the trial court adopted the magistrate's decision granting appellant, Steven J. Thompson, and appellee, Ruth Ann Thompson, a divorce.
After a hearing on this matter, the magistrate issued his decision on September 21, 2000, granting the parties a divorce and, among other things, awarding appellee spousal support in the amount of $600 per month for thirty-six months. This decision also contained the signature of the trial court.
Although it was apparent from the September 21, 2000 judgment entry that the trial court intended to follow the magistrate's decision, this judgment entry did not meet the requirements of a final appealable order as set forth in In re Estate of Eleanor Castrovince (Aug. 16, 1996), Portage App. No. 96-P-0175, unreported, 1996 WL 1056815. As a result, this court issued a judgment entry on June 27, 2001, remanding this case to the trial court so that the court could issue the appropriate judgment entry.
In compliance with this court's order, the trial court issued a judgment entry adopting the magistrate's decision on July 12, 2001. As a result, appellant's October 20, 2000 notice of appeal was a premature appeal as of July 12, 2001, and we will fully consider the merits in the instant appeal. See App.R. 4(C).
Because the first and second assignments of error are interrelated in that they both challenge the award of spousal support to appellee, we will consolidate these assignments of error for purposes of analysis and resolution.
Under these assignments of error, appellant contends that the trial court abused its discretion when the court failed to provide a factual basis for the spousal support award and failed to consider the factors enumerated in R.C. 3105.18. According to appellant, there was insufficient evidence presented at the hearing to permit the trial court to award spousal support. In addition, appellant maintains that the award of spousal support was unreasonable on its face.
A review of the record shows that appellant never filed objections to the magistrate's decision. Even though the trial court attempted to adopt the magistrate's decision by signing the September 21, 2000 combined magistrate's report and judgment entry, appellant still could have filed objections to the magistrate's decision within fourteen days of the filing of this decision. See Huffman v. Huffman (July 13, 2001), Trumbull App. No. 2000-T-0095, unreported, 2001 Ohio App. LEXIS 3188 at 4; Simms v. Simms (Mar. 27, 1998), Portage App. No. 97-P-0005, unreported, 1998 Ohio App. LEXIS 1276, at 12-13. See, also, Civ.R. 53(E)(3)(a) and Civ.R. 53(E)(4)(C). Appellant failed to do so, and instead, filed a notice of appeal with this court.
Because appellant failed to file timely objections to the magistrate's decision, he "may not challenge the court's adoption of the magistrate'sfactual findings on appeal." (Emphasis added.) Simms at 13. See, also, Civ.R. 53(E)(3)(b). Consequently, appellant has waived his right to raise as error on appeal the following issues: (1) whether there was insufficient evidence presented at trial to permit the trial court to award spousal support; and (2) whether the award of spousal support was reasonable on its face.
Despite appellant's failure to present the trial court with objections, Civ.R. 53(E)(4)(a) provides that a trial court must determine whether there is any error of law or other defect on the face of the magistrate's decision before adopting it as its own. For the reasons that follow, we determine that it was error for the trial court to adopt the magistrate's decision when no analysis or explanation was provided to support the award of spousal support.
It is well-established that a trial court enjoys broad discretion in awarding spousal support to either party when it is "appropriate and reasonable" to do so. R.C. 3105.18(C)(1); Glass v. Glass (Dec. 22, 2000), Lake App. No. 99-L-120, unreported, 2000 Ohio App. LEXIS 6103, at 6. It follows that such an award will not be disturbed on appeal absent an abuse of discretion. Kunkle v. Kunkle (1990), 51 Ohio St.3d 64, 67.
To determine whether spousal support is appropriate and reasonable, the trial court must consider all the factors listed in R.C. 3105.18(C)(1).Davis v. Davis (Mar. 31, 2000), Portage App. No. 98-P-0122, unreported, 2000 WL 522481, at 3.
In Stafinsky v. Stafinsky (1996), 116 Ohio App.3d 781, 784, this court held that a trial court must provide facts and reasons when awarding spousal support:
 "In making spousal support awards, R.C. 3105.18
requires the trial court to review the statutory factors in [R.C. 3105.18(C)(1)] that support such an order, and then indicate the basis for awarding spousal support in sufficient detail to facilitate adequate appellate review. Kaechele v. Kaechele
(1988), 35 Ohio St.3d 93, 96-97 * * *." (Parallel citation omitted.) (Emphasis added.)[1]
 Moreover, a trial court does not satisfy this requirement by simply stating that it considered the R.C. 3105.18(C)(1) factors:
 "`It is required that an entry awarding spousal support provide some illumination of the facts and reasoning underlying the judgment. [Kaechele v. Kaechele (1988), 35 Ohio St.3d 93]; Schneider v. Schneider (1989), 61 Ohio App.3d 164 . This is true even though evidence was introduced below and contained in the record which may support some award of spousal support. * * *' (Citation omitted.)" Herman at 4. See, also, Stafinsky at 784.
 In the instant matter, both the magistrate and the trial court indicated that "[t]he Court has considered all of the factors determining spousal support and Orders [appellant] to pay [appellee] $600.00 plus poundage per month for 36 months as and for Spousal Support by payroll deduction." In applying the above principles, this does not satisfy the trial court's requirement to provide facts and reasons when awarding spousal support. Kaechele at 96- 97; Stafinsky at 784; Herman at 4. Further, the failure of the magistrate to address the requirements of R.C. 3105.18(C)(1) constitutes "an error of law or other defect on the face of the magistrate's decision." Civ.R. 53(E)(4)(a).
Accordingly, we determined that the trial court erred in adopting the magistrate's decision because the decision failed to sufficiently explain the order of spousal support. Thus, appellant's first and second assignments of error are well-taken. On remand, the trial court is instructed to clearly set forth in a judgment entry those factors indicating the basis for the award of spousal support in sufficient detail such that meaningful appellate review is possible.
Based on the foregoing analysis, the judgment of the trial court is hereby reversed, and the matter is remanded for proceedings consistent with this opinion.
____________________________ JUDGE JUDITH A. CHRISTLEY
FORD, P.J., GRENDELL, J., concur.
[1] The trial court must adhere to this requirement even in the absenceof a Civ.R. 52 motion requesting findings of fact and conclusions oflaw. Herman v. Herman (Mar. 28, 1997), Portage App. No. 96-P-0194, unreported, 1997 WL 158106, at 4.