This appeal is from the decision of the Portage County Court of Common Pleas, Domestic Relations Division, granting a divorce, awarding spousal support and ordering a division of property.
Appellant, Lisa Schneider, and appellee, Bruce Messina, were married in November 1992. At the time of their marriage, appellant was employed part-time as a stewardess on the private jet of Guardian Industries, owner of the Detroit Pistons basketball team, and part-time as an auto show model. At the time of the marriage, appellee was employed at T.H.E.M. of Ohio, Inc., a manufacturer of corrugated boxes. Both spouses maintained their employment throughout the marriage.
On May 6, 1999, appellant filed for divorce in the Portage County Court of Common Pleas citing grounds of incompatibility. Prior to the court's hearing, appellant resisted appellee's discovery requests concerning her bank account and assets. The court held a hearing at which evidence was taken on the division of property. On May 31, 2000, the court issued a judgment entry granting a divorce decree, dividing the parties' property, and awarding spousal support.
Appellant raises the following assignments of error from the judgment of the trial court:
 "[1.] The trial court erred in both the amount and duration of spousal support which it awarded to Defendant-Appellant Lisa Schneider.
 "[2.] The trial court erred in its division of property by failing to order one-half of the interest in the marital residence and the 1998 Honda motorcycle to Defendant-Appellant Lisa Schneider.
 "[3.] The trial court erred when it failed to properly identify the separate property of Defendant-Appellant Lisa Schneider and the marital property of Bruce Messina.
 "[4.] The trial court erred when it denied any attorney fees to Defendant-Appellant Lisa Schneider despite the large discrepancy of income between the parties.
 In appellant's first assignment of error she argues that the trial court erred by awarding her spousal support of $1,000 per month for eighteen months.
In its spousal support award the trial court concluded that:
 "Considering the education of the parties, the potential of Wife's health problems, the work opportunities and advancement opportunities for Wife, along with the necessary living expenses of the Wife, and all the other factors enumerated in O.R.C. Section 3105.18, it is further ORDERED, ADJUDGED AND DECREED that Husband shall pay, as spousal support, the sum of One Thousand Dollars ($1,000) a month for Eighteen (18) consecutive months or until Wife shall remarry or die."
 In making spousal support awards, R.C. 3105.18 requires the trial court to review the statutory factors in R.C. 3105.18(B) that support such an order, and then indicate the basis for awarding spousal support in sufficient detail to facilitate adequate appellate review. Kaechele v. Kaechele (1988), 35 Ohio St.3d 93, 96-97.
This court has repeatedly held that "a trial court does not satisfy the holding of Kaechele by merely stating that it considered the factors enumerated in R.C. 3105.18." Stafinsky v. Stafinsky (1996),116 Ohio App.3d 781, 784, citing Stychno v. Stychno (Dec. 29, 1995), Trumbull App. No. 94-T-5036, unreported, 1995 WL 815518 at 3; Killing v.Killing (Sept. 30, 1994), Portage App. No. 93-P-0096, unreported, 1994 WL 587776 at 2. The trial court must indicate the basis of its spousal support award in sufficient detail to enable a reviewing court to determine whether the award is fair, equitable, and in accordance with the law. Kaechele, supra, paragraph two of the syllabus.
While the trial court's judgment entry does go beyond those considered in Stafinsky, Stychno, and Killing, supra, by mentioning a few of the factors listed in R.C. 3105.18(C)(1), there is no explanation of how these factors came to bear on the final spousal support figure. "While there is some evidence which arguably supports the award, it would be improper for this court to perform the intermediate analytical steps which the trial court neglected to recite. We refuse to speculate regarding the deliberative process employed by the trial court in reaching its spousal support award." Herman v. Herman (March 28, 1997), Portage App. No. 96-P-0194, unreported, citing Schneider v. Schneider
(1989), 61 Ohio App.3d 164.
Appellant's first assignment is with merit. This case is remanded for the trial court to provide the rationale for its award of spousal support, both in amount and duration.
In her second and third assignments of error, appellant argues that the trial court erred in failing to classify the marital residence and the 1998 Honda motorcycle as marital or separate property and that the court did not properly identify the marital and separate property of the parties.
When a court is allocating property between the parties to a divorce, the court must first determine which property is marital and which is separate. See Peck v. Peck (1994), 96 Ohio App.3d 731, 734. The court must then award each spouse his or her separate property. Id. Any property remaining must then be divided equitably as set forth in R.C.3105.171(D).
As a general matter, the division of marital property is required to be equal under R.C. 3105.171(C)(1). If an equal division of marital property would be inequitable, however, the trial court must divide the marital property in a manner that it deems equitable. Id. When dividing the marital property, "the trial court must indicate the basis for its award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable and in accordance with the law." Kaechele,supra, paragraph two of the syllabus.
In the trial court's judgment entry, it did not classify either the marital residence or the Honda motorcycle as marital or separate property. The court merely stated the value of the assets and awarded them to appellee. This clearly does not comply with the court's duty to classify and award the property.
In addition, the trial court's judgment entry does not contain sufficient information from which this court can review the equity of the property distribution. It appears that the trial court did not divide the property equally. But it is quite impossible to determine whether the property division was equal or not, as the trial court does not classify the marital residence or the motorcycle as either marital or separate property. The court also provides no explanation for any of its other property classifications or awards, including its inclusion of a diamond ring, appraised at over $18,000, in a list of miscellaneous "household possessions."
The parties disputed whether this ring was an engagement ring or a wedding ring, and whether the ring was a gift to appellant. The court, however, does not answer these questions, nor discuss its reasons for including such a valuable piece of property in a list of miscellaneous household items.
It is clear that the trial court's judgment entry does not allow a reviewing court to examine its property awards and thus does not comply with the rule set forth in Kaechele, supra. Appellant's second and third assignments of error are with merit.
In appellant's fourth assignment of error she argues that the trial court erred when it held that "[b]oth parties shall be responsible for payment of their own Attorney [sic] fees."
"The general rule is that the decision whether to award attorney fees is a matter within the sound discretion of the trial court. In the absence of a clear abuse of discretion, a reviewing court will not reverse the judgment of the trial court." Frederick v. Frederick (Mar. 31, 2000), Portage App. No. 98-P-0071, unreported, 2000 WL 522170 at 25, quoting Birath v. Birath (1988), 53 Ohio App.3d 31, 39.
The trial court must make two findings in order to award attorney fees under R.C. 3105.18(H): first the court must ascertain whether the other party has the ability to pay the requesting party's attorney fees; and then the court must consider whether either party will be prevented from fully litigating his or her rights and adequately protecting his or her interests if it does not award reasonable attorney fees. Frederick,supra, at 25.
The court must also consider the factors enumerated in R.C. 3105.18(B) when making a decision whether to award attorney fees as spousal support. Remaley v. Remaley (Dec. 31, 1991), Lake App. No. 90-L-15-185, unreported, 1991 WL 280003 at *3; citing Swanson v. Swanson (1976),48 Ohio App.2d 85, 90.
Because the trial court failed to discuss the R.C. 3105.18(B) factors with respect to the award of spousal support, the trial court's discussion of the factors for the award of attorney fees as spousal support is insufficient as well. The trial court abused its discretion by failing to document its reasoning and the factors it considered, when it denied appellant's request for attorney fees. Appellant's fourth assignment of error has merit.
Based on the foregoing considerations, the judgment of the Portage County Court of Common Pleas is reversed and the case is remanded for proceedings consistent with this opinion.
O'NEILL, P.J., GRENDELL, J., concur.