OPINION
Plaintiff-appellant, Carolyn Dostal ("appellant"), appeals from the judgment entry of divorce issued by the Portage County Court of Common Pleas, Domestic Relations Division.
On June 16, 2000, appellant filed a complaint for legal separation. Appellant and Dennis J. Dostal married on October 25, 1991. No children were born as issue of the marriage. On August 4, 2000, appellant amended her complaint to one for divorce. On September 25, 2000, the trial court issued a judgment entry after a hearing was held on the matter. The judgment entry stated that the parties' residence was Dennis Dostal's separate property. The increase in the property's value from the date of marriage until the date appellant filed for legal separation, less the existing mortgage, was marital property. Both parties were to provide appraisals to the trial court.
Trial was held on December 4, 2000. On May 16, 2001, the trial court issued its judgment entry of divorce. The trial court determined the fair market value of the residence, as of October 25, 1991, to be $39,000. The fair market value, as of June 16, 2000, was $52,000 less the $13,000 mortgage, leaving no increase in value for division among the parties. The trial court awarded $2,000 for attorney's fees in spousal support to appellant.
On May 25, 2001, appellant filed a motion for new trial which stated, in part, that the existing mortgage at the time of the marriage was a material issue in determining the net equity at the time of the divorce. Appellant asked to be permitted to introduce evidence of that mortgage. On August 20, 2001, the trial court dismissed appellant's motion for new trial.
Appellant assigns the following errors for review:
 "[1.] The Trial Court committed error in determining the marital portion of the parties' domicile by failing to take into account the mortgage balance on the date of the marriage.
 "[2.] The Court abused its discretion in failing to award spousal support to Appellant, other than the $2,000.00 spousal support award for attorney fees."
In her first assignment of error, appellant contends the trial court erred by not including the amount of the mortgage at the time of the marriage in calculating the marital portion of the parties' residence. Appellant argues that this figure must be taken into account in order to fairly divide the property.
A review of the record before this court shows that no evidence was introduced below by either party regarding the existence of a mortgage at the time of the marriage. Errors not brought to the attention of the trial court are waived on appeal. Atkinson v. Grumman Ohio Corp. (1988),37 Ohio St.3d 80, 82. An appellate court will not consider issues raised for the first time on appeal. Lovas v. Mullett (June 29, 2001), 11th Dist. No. 2000-G-2289, 2001 Ohio App. LEXIS 2951.
The only mention of an existing mortgage at the time of the marriage found in the record is in appellant's motion for new trial. In the motion, appellant stated that the existing mortgage was a material issue in determining the net equity at the time of divorce. Appellant offered no evidence in support of her motion or even any substantive argument on the issue. There is no indication appellant was either unaware of the mortgage at the time of the marriage or prevented from learning of the mortgage prior to, or during, trial. Both parties were ordered to submit appraisals regarding the value of the residence to the trial court. Those appraisals are not in the record. However, appellant had ample opportunity to provide evidence to the trial court on this issue before final judgment was rendered. Appellant's failure to do so has resulted in waiver of the issue on appeal. Appellant's first assignment of error is overruled.
In her second assignment of error, appellant disputes the trial court's failure to award her spousal support beyond the amount for attorney's fees. Appellant points out that she never worked during the marriage and only had a high school education. Further, appellant cannot use her left hand and has had difficulty with her right leg and foot. Appellant submits that the trial court based its decision on its belief she could receive disability payments from the Social Security Administration. Appellant states she is not eligible for such benefits because she and Dennis Dostal were not married for 10 years and he is not yet 62 years old.
A trial court enjoys broad discretion in awarding spousal support when it is appropriate and reasonable to do so. R.C. 3105.18(C)(1); Glass v.Glass (Dec. 22, 2000), 11th Dist. No. 99-L-120, 2000 Ohio App. LEXIS 6103. A trial court's decision will not be reversed on appeal absent an abuse of that discretion. See Kunkle v. Kunkle (1990), 51 Ohio St.3d 64,67.
In determining whether spousal support is appropriate and reasonable, the trial court is required, under R.C. 3105.18(C)(1), to consider all of the following factors:
 "(1) the income of the parties; (2) the earning abilities of the parties; (3) the ages and health of the parties; (4) the parties' retirement benefits; (5) the duration of the marriage; (6) the appropriateness of the parties to seek employment outside the home; (7) the marital standard of living; (8) the education of the parties; (9) the assets and liabilities of the parties; (10) the contribution of either party to the other's education; (11) the cost of education of the party seeking support; (12) the tax consequences of a spousal support award; (13) the lost income that results from the parties' marital responsibilities; and (14) any other factor the court deems relevant."
Davis v. Davis (Mar. 31, 2000), 11th Dist. No. 98-P-0122, 2000 Ohio App. LEXIS 1443. The trial court must make findings specific enough to enable a reviewing court to determine if the order granting or denying a request for spousal support was reasonable and that the relevant statutory factors were considered. Stafinsky v. Stafinsky (1996),116 Ohio App.3d 781, 784; Fisher v. Fisher, 3rd Dist. No. 7-01-12, 2002 Ohio 1297, 2002 Ohio App. LEXIS 1323. Generally, a spouse who was in a long-term marriage, is older or who did not have a chance to develop a career outside the home, and who does not have significant assets is in a favorable position to receive spousal support. A disadvantaged spouse should receive sufficient support to bring him or her up to a reasonable standard of living, in view of the standard maintained during the marriage. Holzheimer v. Holzheimer (June 30, 2000), 11th Dist. No. 99-G-2232, 2000 Ohio App. LEXIS 2984.
In its findings of fact, the trial court noted appellant was 52 years old, a high school graduate, and had been employed at odd jobs. As to spousal support, the judgment entry states that the trial court evaluated the issue under R.C. 3105.171. The trial court then awarded support for attorney fees. The trial court did not explain the basis for its decision or the factors considered in arriving at the determination.
The record shows that appellant has never held a full-time job. She left a 22-year marriage to marry appellant. Appellant testified she received no assets at all from that marriage. Appellant has no retirement benefits except for what she received from Dennis Dostal's 401K retirement plan. Appellant cannot use her left hand and has other physical ailments that would make securing full-time employment at a rate of pay sufficient for sustaining herself unlikely, especially given her education. Based upon this court's decision in Holzheimer, supra, an award of spousal support is favored as appellant is older, has not really worked outside the home, has little in retirement benefits, and has few assets available to sustain herself.
During trial, the trial court stated appellant would be eligible to receive disability based upon her first marriage. Appellant had not applied for disability payments and there has not been a determination by the Social Security Administration that appellant would receive such payments. If the trial court did rely upon the belief that appellant would receive disability payments in denying her request for spousal support, then that reasoning was too speculative to support its determination of the issue. The judgment entry of divorce does not indicate a basis for the trial court's decision in denying appellant spousal support. The matter is remanded for the trial court to consider the statutory factors set forth in R.C. 3105.18(C) and base its decision on the evidence before it. The parties may submit evidence to the trial court regarding appellant's eligibility for disability payments from the Social Security Administration. If it is determined appellant is eligible or is receiving such payments, then the amount of the payment should be considered in determining an appropriate amount of spousal support. Appellant's second assignment of error has merit.
The judgment of the Portage County Court of Common Pleas, Domestic Relations Division, is affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.
DONALD R. FORD, P.J., ROBERT A. NADER, J., concur.