OPINION
This is an accelerated calendar appeal submitted on the briefs of the parties from the judgment entry of divorce issued by the Portage County Court of Common Pleas, Domestic Relations Division, in which the trial court granted appellant, Larry R. Lamb, and appellee, Melinda Ann McDaniel Lamb, a divorce.
Appellant and appellee were married on December 29, 1990. The parties had one child born as issue of their marriage. After nine years of marriage, appellee filed a complaint for divorce on March 15, 2000.
This matter came on for a hearing before the trial court on October 31, 2000. After taking the matter under consideration, the trial court issued a judgment entry on February 2, 2001. In relevant part to this appeal, the trial court found as follows: (1) appellee was designated as the residential parent and legal custodian of the minor child, and appellant was entitled to reasonable visitation; (2) appellant was ordered to pay child support in the sum of $553.31 per month and spousal support in the sum of $600 per month for thirty-six months; (3) the marital residence, valued at $115,000, was ordered to be sold and $5,000 was to be distributed to appellee with the balance from the sale proceeds then to be divided equally between the parties; (4) the Summit Federal Credit Union account, with a balance of $940, was divided equally between the parties.
It is from the February 2, 2001 decree of divorce appellant appeals, submitting three assignments of error for our consideration:
 "[1.] The trial court erred and abused its discretion when it determined the value of the marital residence was $115,000.00.
 "[2.] The trial court erred in granting appellee spousal support in the amount of $600.00 per month for 36 months.
 "[3.] The trial court erred in finding the value of the Federal Credit Union [account] to be $940.00 and ordering that sum to be divided where the account balance is actually a deficient loan balance and not a positive account balance."
In the first assignment of error, appellant contends that the trial court erred when it determined the value of the marital residence to be $115,000. According to appellant, there was only one uncontested appraisal, which valued the property at $151,000. From this, appellant concludes that there were no figures in the record to explain the $115,000 valuation assigned by the trial court. Rather, appellant believes that the trial court committed a clerical error as the numbers in the appraisal of $151,000 were erroneously transposed to $115,000.
In reviewing the trial court's determination of the value of marital property, an appellate court employs an abuse of discretion standard.Holcomb v. Holcomb (1989), 44 Ohio St.3d 128; Berish v. Berish (1982),69 Ohio St.2d 318, 319; James v. James (1995), 101 Ohio App.3d 668, 681;Boyles v. Boyles (Oct. 5, 2001), Portage App. No. 2000-P-0072, unreported, 2001 Ohio App. LEXIS 4520, at 6. An abuse of discretion connotes more than an error in judgment; it implies the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
While appellee presents various reasons as to how the trial court could have arrived at the $115,000 figure, the court failed to explain how it assigned the value of the marital residence. Rather, the court merely stated the following:
 "The marital residence, fair market value $115,000, shall be sold and after a return of $5,000 to [appellee], the payment of the mortgage and all costs of sale, the net proceeds shall be divided equally between the parties."
We are mindful of the possibility that the amount, as transcribed, may have been the result of a clerical error. If, indeed, this was a clerical error, the trial court is ordered to issue a judgment entry clarifying this issue.[1]
If, however, this was not a clerical error, we hold that the record indicates that the trial court did not "have before it sufficient evidence to justify or support the dollar figure it obtained." Polakoffv. Polakoff (Aug. 4, 2000), Trumbull App. No. 98-T-0163, unreported, 2000 WL 1121799, at 4, citing Rodriguez v. Rodriguez (Apr. 13, 1990), Geauga App. No. 89-G-1498, unreported, 1990 WL 47458, at 2. See, also, Boyles, at 10.
According to appellee, in December 1991, her mother deeded to her 13.464 acres of property in exchange for approximately $10,000. However, in March 1992, appellee transferred this property through a survivorship deed wherein she granted herself and appellant interest in the land. Eventually, the marital home was built on this acreage.
At the hearing, appellee introduced an appraisal of the marital property prepared by Frank E. DeLuca of Frank DeLuca Associates Real Estate. According to the appraisal, the market value of the property was $151,000; that is, $44,000 for the 13.46 acres, and $107,000 for improvements for a total of $151,000. Appellant did not contest the appraisal during the proceedings below. Thus, neither party presented evidence to indicate that the marital residence was valued at $115,000.
Under these particular circumstances, we determine that, absent a clerical error, the trial court's conclusion is not supported by any evidence which would permit a valuation of $115,000. "Our task on appeal is not to require the adoption of any particular method of valuation, but to determine whether, based on all the relevant facts and circumstance, the court abused its discretion in arriving at a value." James at 681. Since there is insufficient evidence to support the trial court's finding of $115,000 as being the fair market value of the marital residence, abuse of discretion occurred in this regard. Appellant's first assignment of error is, therefore, meritorious.
The second assignment of error challenges the award of spousal support to appellee in the amount of $600 per month for a duration of thirty-six months. According to appellant, such an award was unwarranted and unreasonably high because appellee's unemployment was voluntary, and she has significantly less debt than appellant. After paying $553.31 in child support and then $600 in spousal support per month, appellant claims that he is left with approximately $1,000 — $1,500 per month to provide for his monthly needs and expenses, which total about $1,450.
It is well-established that pursuant to R.C. 3105.18(C)(1), the trial court enjoys broad discretion in awarding spousal support to either party when it is "appropriate and reasonable" to do so. Glass v. Glass (Dec. 22, 2000), Lake App. No. 99-L-120, unreported, 2000 Ohio App. LEXIS 6103, at 6. Such an award will not be disturbed on appeal absent an abuse of discretion. Kunkle v. Kunkle (1990), 51 Ohio St.3d 64, 67.
To determine whether spousal support is appropriate and reasonable, the trial court is required, under R.C. 3105.18(C)(1), to consider all of the following factors:
"(1) the income of the parties;
(2) the earning abilities of the parties;
(3) the ages and health of the parties;
(4) the parties' retirement benefits;
(5) the duration of the marriage;
 (6) the appropriateness of the parties to seek employment outside the home;
(7) the marital standard of living;
(8) the education of the parties;
(9) the assets and liabilities of the parties;
 (10) the contribution of either party to the other's education;
(11) the cost of education of the party seeking support;
(12) the tax consequences of a spousal support award;
 (13) the lost income that results from the parties' marital responsibilities; and
(14) any other factor the court deems relevant."
Davis v. Davis (Mar. 31, 2000), Portage App. No. 98-P-0122, unreported, 2000 WL 522481, at 3.
In Stafinsky v. Stafinsky (1996), 116 Ohio App.3d 781, 784, this court held that a trial court must provide facts and reasons when awarding spousal support:
 "In making spousal support awards, R.C. 3105.18
requires the trial court to review the statutory factors in [R.C. 3105.18(C)(1)] that support such an order, and then indicate the basis for awarding spousal support in sufficient detail to facilitate adequate appellate review. Kaechele v. Kaechele
(1988), 35 Ohio St.3d 93, 96-97 * * *." (Parallel citation omitted and emphasis added.)
Moreover, a trial court does not satisfy this requirement by simply stating that it considered the R.C. 3105.18(C)(1) factors:
 "`It is required that an entry awarding spousal support provide some illumination of the facts and reasoning underlying the judgment. * * * This is true even though evidence was introduced below and contained in the record which may support some award of spousal support. * * *' (Citation omitted)" Herman v. Herman (Mar. 28, 1997), Portage App. No. 96-P-0194, unreported, 1997 WL 158106, at 4. See, also, Stafinsky at 784.
With the above principles in mind, we determine that the trial court's February 2, 2001 judgment entry satisfies the requirement to provide facts and reasons when awarding spousal support:
 "Considering this is a marriage of ten years, [appellee] is the primary caretaker of the minor child, [appellant's] earning ability, the education of the parties, the necessary living expenses of the [appellee], along with the other factors enumerated in O.R.C. Section 3105.18, it is further ORDERED, ADJUDGED and DECREED that [appellant] shall pay, as spousal support, the sum of Six Hundred Dollars ($600) a month for Thirty-Six (36) consecutive months or until [appellee] shall remarry or die. * * *"
In reviewing a spousal support award, an appellate court must "look at the totality of the circumstances and determine whether the trial court acted unreasonably, arbitrarily or unconscionably." Kunkle at 67.
In the case sub judice, appellant has a much higher earning capacity than appellee. Appellant has been employed as a machinist at Joy Mining Machinery for twenty-six years. In 1997, appellant's income was $50,854.05, and during 1998, his income was $55,929.88. In 1999, his income declined to $50,827.78, while his estimated earnings for 2000 was $46,358.
In contrast, after graduating from high school, appellee entered the Marine Corp. After three years of service, she received an honorable discharge. As a result of her military service, she receives disability pension in the amount of $765 per month. To supplement her income, appellee makes between $50 to $100 at her antique collectible business. Further, in 1992, appellee was employed at the Mogadore Post Office for two and a half years. However, she left her employment due to a back injury.[2] Although she was offered a desk position with the post office, she declined because she wanted to raise her child.
When we consider the totality of the circumstances here, we cannot say that the trial court abused its discretion in ordering appellant to pay spousal support in the amount of $600 per month for a duration of three years. While we may have reached a different conclusion had we been asked to decide the matter in place of the trial court, our function upon review is merely to measure the lower court's adherence to the standards of fairness, not substitute our judgment for that of the trier of fact.Kaechele at 94.
In the third and final assignment of error, appellant claims that the trial court erred when it treated the Summit Federal Credit Union account as an asset and ordered the sum of $940 to be divided equally between the parties. According to appellant, he borrowed funds from a credit union to purchase an air compressor, and that this was a debt, not an asset.
It is undisputed that appellant is a member of the Summit Federal Credit Union. At the hearing, appellee submitted a March 2000 statement from the credit union. A close review of this statement reveals that appellant has two accounts with this credit union.
The first is a regular share account (account # 081077). A "share account," also termed a "share-draft account," is "[a]n account that a member maintains at a credit union and that can be drawn on through the use of share drafts payable to third parties. A share-draft account operates much like a checking account operates at a bank." Black's Law Dictionary (7 Ed. 2000), 15. The March 2000 statement indicates that the share account had an ending balance of $111.14.[3] As such, this portion of the Summit Federal Credit Union account is an asset.
However, according to the March 2000 statement, the second account (account # 081077-61) maintained at Summit Federal Credit Union is a "loan account." According to appellant, he borrowed funds from the credit union in order to purchase a $900 air compressor. The statement indicates that there were regular payroll deductions of $16 each week, which were applied towards the payment of this loan. As of the March 2000 statement, the remaining unpaid balance was $877.29. Given that appellant was issued a loan, the second account is a debt.
While the divorce decree provides for the disposition of the Summit Federal Credit Union account, the court did not specify which account it was referring to. Rather, the court merely concluded that the Summit Federal Credit Union account contained $940 and ordered it to be divided equally. It is, however, unclear to this court how the trial court arrived at the $940 figure. As explained earlier, the March 2000 statement shows that appellant maintained two separate accounts at the credit union, to wit: a shared account with an ending balance of $111.14, and a loan account with a unpaid balance of $877.39.
Because the trial court abused its discretion in failing to properly dispose of the two Summit Federal Credit Union accounts, we remand this issue to enable the court to do so. Accordingly, appellant's third assignment of error is well-taken to the limited extent indicated.
Based on the foregoing analysis, appellant's first and third assignments of error are meritorious to the extent indicated while the second assignment of error is not well-taken. Accordingly, the judgment of the trial court is affirmed in part, reversed in part, and this matter is remanded for proceedings consistent with this opinion.
FORD, P.J., GRENDELL, J., concur.
[1] Normally, we would have remanded this matter to enable the trial court to clarify and determine whether the amount, as transcribed, may have been the result of a clerical error. In fact, had this issue been brought to our attention earlier in the appeal process, we would have remanded this matter. However, in the interest of judicial economy, we will dispose of this issue through our opinion.
[2] Appellee submitted a claim for disability as a result of her back injury. For reasons unknown to this court, the claim was denied.
[3] In fact, appellant testified that the current balance of this account was $100.